Chief Justice Robertson
delivered the Opinion of the Court.
Owens sued Snodgrass and his wife, in an action of tresnass on the case, for imputed fraud in a contract for an v ’ r . .... exchange of “their” horse for his — averring, m his declaration, that, to induce him to make the exchange, they, the husband and wife, though they both knew that “ their ” horse was secretly and irremediably diseased, falsely and fraudulently represented to him, that it was J , , a sound horse.
*230 The Circuit Court having sustained a demurrer to the declaration, Owens now seeks a reversal of that judgment.
As we cannot, from any thing averred, presume, either that Mrs. Snodgrass had any legal interest in the horse described as the joint property of herself and husband, or that she had any legal power to sell or exchange it, the only judicial deduction is, that, as to her, the contract of exchange was void in consequence of her coverture.
And, though a feme covert may be guilty of a tort, either separately or conjointly with her husband, yet she cannot, in our opinion, be precluded from relying on her coverture as a bar to legal liability for a fraud committed by her in a contract which her disability made void. It has been decided that, in an action against an infant, for fraud in the sale of a horse, the plea of infancy will be a good bar; “for the action depended on the contract, and, by pleading infancy, the defendant elected to avoid the contract.” And the contract being thus avoided, there could be no ground for recovering damages for fraud .in making it.
The only essential difference between infancy and coverture, in this respect, is, that the contract of an infant, being only voidable, must be avoided by plea, and that of a married woman being void, she may demur to a declaration showing that' fact. But if an infant cannot be made liable for fraud in a contract, when he shall have elected to avoid it, a fortiori, a feme covert should' not be made responsible for a fraud in a contract ipso facto void.
Then, as the declaration shows that Mrs. Snodgrass was riot subject to the plaintiff’s action, it seems to us that the joint demurrer was properly sustained for a misjoinder of defendants, apparent on the face of the declaration. 2 Saunders, 117, b, and 1 Chitty on Pleading, 99.
Wherefore, it is considered that the judgment .of the Circuit Court be affirmed.