Evans v. Clement et al.

AUGUSTUS H. EVANS, Appellant, v. JAMES C. CLEMENT et al., Appellees.

APPEAL FROM SCOTT.

Upon a bill of review for errors of law, the court will not reconsider the evidence; but will inquire whether the law was properly applied to the facts which the record shows were found by the court. Upon such a bill questions of fact are not open for discussion.

Upon a bill of review a court will revise or reverse its own decree, for an erroneous application of the law to the facts found, whenever a court of appeals would do so for the same cause.

THE decree in this case was rendered at September term, 1852, of the Scott Circuit Court, WOODSON, Judge, presiding.

In this case, it appears from the record that the present plaintiff in error filed his bill, charging that said Clement and Evans were in negotiation for the sale by Evans to Clement, of a farm, being the land in controversy. That preparatory to the consummation of said sale, Evans had prepared a deed to said land, duly acknowledged, with a deed of trust, to be executed back to secure the purchase-money, and placed them in the hands of defendant B. P. Smith, to be delivered to defendant Clement, if said contract was consummated by said Clement, on his part, according to the propositions of said Evans, but not otherwise.

Said terms were not complied with by said Clement, and so the proposed sale was not finally made; but by the fraudulent combination and action of said Clement, and defendant B. P. Smith, said Clement got wrongful and fraudulent possession of said deed, and put the same on record, and without authority of the owner went into possession of said farm; and under said deed so obtained, set up a claim to said land.

The bill prayed that said conveyance be set aside; that said Clement and wife be ordered to reconvey to said Evans, and that both title and possession be returned to him, and that he be placed in the same situation that he was before commission of said fraud, and the obtaining of said deed and possession.

Evans v. Clement et al.

The answer admits the most important allegations of the bill, but in avoidance of said admission insists that Evans held the land as trustee for one Martha A. McCrackin and others, not parties to the suit; and that in getting possession of said deed and said land, they had only done what Evans was, in equity, bound to do, and should have done, &c.; in other words, that they had diverted the consideration, which was to have gone to Evans, according to the contract contemplated between Clement and Evans, over to third parties, (not parties to this suit,) who professed to have the equitable estate, as a consideration for a conveyance from them to Clement, and then appropriated Evans's legal title, without consideration, or authority, to fortify their purchase of the pretended equitable title.

Replication, general. The case was heard upon pleadings, exhibits, and evidence; upon which hearing, the court rendered a decree for said Evans, fully sustaining said bill, and decreeing that said deed be surrendered up, the land reconveyed by Clement and wife, and the possession surrendered to said Evans; that Clement pay rent for the same, deducting valuable and permanent improvements, and for costs; and that an account be stated to advise the court of the amount of the same.

Some months after making of this decree, the said Clement, in the name of all the defendants, but for his use only, filed a "bill of review," in which no error of law is pointed out, but three alleged facts are set up as cause for reviewing and modifying said decree, to wit: —

1st. That when said decree was rendered, one of the solicitors for Evans stated that the object of the same was to bring said Clement to settlement.

2d. That since said decree was made, said Clement had applied to said Evans to settle, and offered to carry out the original proposed contract of sale, and to pay Evans a sum equal to that originally contemplated between the parties, and that said Evans would not accede to said proposed settlement. And that

3d. Since the rendition of said decree, said Clement had discovered that said Evans had, in contemplation of said contract of sale being consummated, received two horses, that had not been taken into consideration, from his codefendant B. P. Smith.

This bill of review prays that for these causes said decree shall be entirely modified, or rather substituted, and certain positive relief granted to the defendants.

To this bill of review the plaintiff Evans demurred, and

insisted that the defendants had shown no fact, that would entitle them to a bill of review; that said bill had been filed without leave of the court first had and obtained according to the practice of courts of chancery; and that no fact stated was sufficient to authorize a modification of said decree.

The court below overruled said demurrer, and the said Evans abiding the same, and declining to answer, the court proceeded to modify said original decree, and reverse it, except payment of costs, and to grant a decree, on the other hand, giving positive relief to defendant Clement, and a specific performance of said originally proposed contract between Clement and Evans, and directed that said land be quietly vested in said Clement, by operation of said deed, so fraudulently obtained, and that he pay within a given time a specified sum of money to Evans, and make to him conveyance of certain lands in Madison county, amounting to a specific performance of a contract, and thus giving to complainant Evans a decree not prayed for in his bill, and not consistent with the original bill or answer.

From this last-named decree, and to reverse the same, the said complainant appealed to this court.

M. McConnel and M. Knapp, for appellant.

D. A. Smith, for appellees.

Caton, J. There is an insuperable objection in the outset to granting the relief which was sought by this bill of review. The former decree is sought to be reversed or modified for errors of law apparent on the face of the record or decree. The other ground, that is, for the new or rather additional evidence was very properly abandoned on the argument. It is a general and well settled rule, that upon a bill of review for errors of law the court will not reconsider the evidence, but will only inquire whether the law was improperly adjudged upon the facts which the record shows were found by the court on the former hearing, to be established by the evidence. It is to those facts, thus found and established, to which the law is to be applied upon a bill of review for errors of law. Upon such a bill questions of fact are not open for discussion. To adjudicate properly upon facts, as found, of course the pleadings are to be considered, but nothing further. Were the court to reconsider the evidence, it would in every respect perform the office of an appellate court, upon its own decisions. Such a course would be inconsistent with the well-settled practice of courts of equity. On this subject Lord Eldon said, in the case of

Perry v. Philips, 17 Ves. 178: " If I am to hear this case upon the ground that the judgment is wrong, though there is no error apparent, the consequence is, that in every instance a bill of review may be filed; and the question whether the case is well decided will be argued in that shape; not whether the decree is right or wrong on the face of it. The cases of error apparent, found in the books, are of this sort, an infant not having a day to show cause, &c., not merely an erroneous judgment." And in the case of Whiting v. The Bank of the United States, 13 Peters, 6, the court said, " That the bill of review must be founded on some error apparent upon the bill, answer, and other pleadings and decree; and that you are not at liberty to go into the evidence at large in order to establish an objection to the decree founded on the supposed mistake of the court in its own deductions from the evidence." A careful examination of the history of this proceeding will show that the bill of review for errors apparent was originally entertained for the purpose of allowing the same court to correct a palpable and manifest error in the adjudication of the court upon the facts found to be established, after the decree had been enrolled, and had thus passed the control of the court in the original suit; as where the lands of a deceased person were distributed to his collateral relations, when it appeared that he had left direct descendants. It is, however, not to be denied, that in the process of time courts have, upon a bill of review, been more astute in searching for errors of law, and that the rule has now become well settled that the court will, upon such a bill, reverse or revise its own decree, for an erroneous application of the law to the facts found, whenever a court of appeals would do so for the same cause.

In the case before us, the facts which the court found to be established by the evidence, and upon which the decree was entered, are nowhere stated in the record, so that being uninformed upon what state of facts the decree was made, we have no means of determining that the court erred in applying the law to those facts. It is true that the decree recites the evidence in the cause at large, but not the deductions of the court from that evidence; and in making up the original decree, the law was applied, not to that evidence, but to the facts which the court found established by that evidence. In order to sustain the bill of review, it was necessary for the court to examine and determine two questions; one of fact, and the other of law, while the latter alone was properly before it. The law on this subject is very clearly stated by Mr. Justice Story. He says: " In regard to errors of law apparent on the face of the

18*

decree the established doctrine-is, that you cannot look into the evidence in the case, in order to show the decree to be erroneous in its statement of the facts. That is the proper office of the court on an appeal. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court have erred in point of law. If, therefore, the decree do not contain a statement of the material facts on which the decree proceeds, it is plain there can be no relief by bill of review, but only by an appeal to some superior tribunal." Story's Eq. Pl. § 407.

I am aware that the Supreme Court of Ohio have held, that from the peculiarity of their practice, upon a bill of review, the testimony in the suit is open for examination, although it be a bill of review for errors of law; but we are not at all inclined to follow that precedent, even admitting that there is a similarity between their practice 'and ours. It opens a question which never did and never should arise on such a bill, and breaks down all distinction between an appellate jurisdiction and that which arises upon a bill of review.

In ignorance of the facts which the court, in the original case, found from the evidence to exist, and to which it applied the law, the court below upon this bill of review could not say, nor can we say, that the law was improperly adjudged upon those facts. It is not improbable indeed, that the court in the original suit found all of the allegations in the bill to be true, and that the matter set up in defence was not proved; and if such was the case, there can be no doubt that the original decree was strictly correct. At any rate, so long as the pleadings admitted it, we are bound to presume that such a state of facts was found to exist as justified the court in rendering the decree which was entered, as the presumption is in favor of the decree until it is affirmatively shown to have been erroneous. That the court below upon a bill of review could not say, and hence it should have allowed the original decree to stand, and in reversing it and entering a different decree the court erred, and its decision must be reversed and the bill of review dismissed, and original decree be allowed to stand.

*Decree reversed.*