## SAMUEL CHOPPIN *v.* W. B. HARMON et ux.

1. MARRIED WOMEN — THEIR CONTRACTS. — Unless a married woman has a separate estate, she is subject, as to her contracts, to the disabilities of coverture.

2. SAME — SUITS AGAINST THEM — ALLEGATION OF SEPARATE PROPERTY IN PLEADING. — It is an essential allegation, in every action against a married woman, that she has a separate property subject to the debt, and this must be made in the declaration, or in a replication to the plea of coverture.

3. SAME — A FOREIGN JUDGMENT AGAINST A MARRIED WOMAN. — A foreign judgment against a married woman cannot be enforced in this state, unless some fund be pointed out from which it may be satisfied, consisting of her separate property.

4. SAME — THEIR CONTRACTS — JURISDICTION OF CHANCERY. — The court of chancery has concurrent jurisdiction with the court of law, over the contracts of married women, and is the more appropriate tribunal to administer the rights of parties under such contracts.

ERROR to the circuit court of Lincoln county. SMILEY, J.

The facts appear in the opinion of the court.

*H. Cassedy, Jr.,* for plaintiff in error.

A demurrer to the declaration can never raise the question, whether a writ of attachment will lie against a married woman. The objection should be made to the writ. 41 Miss. 627. An attachment will lie against a married woman. 41 ib. 625, 626. A foreign judgment against a married woman, when made the foundation of an action, is of the same dignity as a domestic judgment under like circumstances. Constitution of United States, art. 4, § 1 ; 1 Kent's Com. 261 ; 7 Cranch, 481 ; 3 Wheat. 234 ; 5 Gill. & Johns. 500 ; 8 Smedes & Marsh. 421.

*Chrisman & Thompson,* for defendants in error.

Real estate is exclusively subject to the laws of the government within whose territory it is situate. Story's Confl. of Laws, § 428; 5 Barn. & Cress. 438; 7 Cranch, 115; 6 Wheat. 597; 9 ib. 566; 10 ib. 192; ib. 465; 3 Mass. 514, 518; 4 Johns. Ch. 460; 1 Paige, 220 ; 6 Pick. 286; 4 Cow. 510, 527, note ; Story's Confl. of Laws, § 445 ; Pollen v. James, 45 Miss. 129 ; 43 ib. 61 ; ib. 680, 685 ; 41 ib. 114.

Married women must not only have separate property, but the pleading must discover that her promise or engagement was in reference to a subject about which she is made competent by the statute to bind herself and her property. Pollen v. James, *supra;* 43 Miss. 61 ; ib. 680, 685; 41 ib. 114. Article 4, section 1, of the United States constitution, and the legislation thereunder, was never intended to place judgments of our state courts subordinate to the judgments of the courts of sister states. The judgment in the case at bar is void under the law of Louisiana. Arts. 2366 and 2409, Civil Code ; 13 La. Ann. 593 ; 9 ib. 5 ; 10 Rob. 72 ; 13 La. Ann. 566.

SIMRALL, J.:

The plaintiff counted upon a judgment recovered against W. B. Harmon and Mary, his wife. In the district court of Louisiana, the suit was begun by attachment, which was levied on real estate. Mrs. Harmon demurred to the declaration, which was sustained, and as to her the suit was dismissed.

It has been repeatedly held by us, that, unless a married woman has a separate estate, she is subject (as to her contracts) to the disability of coverture. As a sequence of this principle, the creditor must, in his bill in equity or his declaration, aver that she has a separate estate, and that the debt is a charge upon it or ought to be paid out of it. If it be such a debt as a court of law will enforce, those created upon the considerations and for the purposes set forth in the 24th and 25th articles of Code of 1857, p. 336, the plaintiff must, in his declaration or his replication to a plea of coverture, bring the debt within the statute. This is done by disclosing the consideration and purpose of the debt, and, secondly, that there is a separate estate, liable to pay it. Dunbar et ux. v. Meyer, Deutch & Co., 43 Miss. 684; Hardin v. Phelan, 41 ib. 114; Whitworth v. Carter, 43 ib. 70, 71, 72, 73.

In Williams et ux. v. Bank of Louisiana,* decided at this term, we considered the case of a debt contracted by a married woman in another state, who was resident here, and which debt was obligatory upon her at the place of the contract; we recognized the duties of comity, but announced as our conclusion, that our jurisprudence furnished no remedy upon the contracts of married women, unless they had, in the jurisdiction of the forum, a property subject to its payment, and that it behooved the foreign creditor to indicate a property or fund, out of which satisfaction ought to be made. In requiring him to do this, we imposed no terms upon him which were other and different

---

* *Infra.*

from those resting upon the domestic creditor. Comity does not reach to the extent of demanding a subjection to the satisfaction of the debt contracted abroad, a fund or property here, which the married woman cannot charge. Now, is it necessary, in doing this, to dispute the validity of the debt? It amounts to no more than a declaration that there is no property out of which payment can be compelled.

Every suit in this state, whether at law or in equity, founded upon her contracts, takes the shape and direction of reaching a specific fund. We think that we are meeting the full measure of the requirements of comity when we place the foreign creditor upon the same footing as the domestic. This case differs from that of the Bank of Louisania, *supra*, in this, that Dr. Choppin presents, as evidence of his debt, a judgment rendered in Louisiana. By the constitution of the United States, congress shall prescribe the mode of authenticating the public acts, records and judicial proceedings of the states, and the effect thereof in every other state. The act of May 29, 1790, provided the mode of authentication, and declared that judgments should have the same effect in other states as by law and usage they had in the courts of the state where rendered. The judgment is therefore conclusive in other states, if such is its effect in the state where obtained. 6 Wheat. 129 ; 1 Kent's Com. 274. It is conclusive of indebtedness; therefore no matters which might have been set up in discharge, or bar of the cause of action, can be pleaded in another state against the judgment. Mrs. Harmon would not be permitted in this suit to plead that she had paid the indebtedness merged in the judgment, or that it was prescribed by statutes of limitation, or any thing which would have defeated a recovery in Louisiana. It is a debt of the highest grade evidenced by record.

The creditor prefers this debt before a court of this state, and asks that it may be satisfied. Mrs. Harmon does not dispute the debt, but raises the point that the creditor has not shown a fund out of which satisfaction may be had.

The creditor is met with the embarrassment of the last clause of art. 26, p. 336, Code 1857 : "If the suit be against husband and wife, no judgment shall be rendered against her, unless the liability of her separate estate be first established." The effect of this, in connection with the tenor of our laws respecting married women and their separate estate, is to make suits to recover debts a specific proceeding against a fund or property, "the liability of which must be established."

The plaintiff did not bring a suit of this character. It was not averred in the declaration, nor did it otherwise appear, that Mrs. Harmon had a separate estate, liable to his debt. When the demurrer to the declaration was sustained, he declined to so amend as to place that necessary averment on the record, but stood upon a naked claim to a personal judgment against her.

The attachment was levied upon real estate, lots 1, 2, 3, block 39, in the town of Brookhaven ; the sheriff does not return whether as the property of Mrs. Harmon, or her husband, or both. The jurisdiction of each state is supreme over the soil and the law of the " *situs* " prevails as to the mode of disposition and of imposing burdens upon it. Story's Confl. of Laws, § 431 ; Saul v. Creditors, 17 Martin (La.), 569, 579.

If these town lots were the property of Mrs. Harmon, her right of disposition, and charging it with debts, depended upon the character of her estate. It may have been held by an instrument which precluded her from putting any burden upon it; or the legal estate may have been in her under the statutes. In this aspect, the court must look to the origin and character of the estate, in order to determine whether liable or not, and then the extent of liability. The consideration bestowed upon this and analogous cases has impressed us with the conviction that a court of chancery is much better adapted to administer the rights of parties than a court of law ; and that the jurisdiction conferred by the statutes, over the contracts of married women, upon

the courts of law, could be much more completely and adequately exercised by an equity court, which has concurrent cognizance.

Inasmuch as the plaintiff declined to amend his declaration, but elected to stand by his case, we affirm the judgment sustaining the demurrer, and dismissing the suit as to Mrs. Harmon.