T. D. C. PRENTISS ET UX, APPELLANTS, VS. HUGH S. PAISLEY ET AL., APPELLEES.

| 25 | 927 |
|----|-----|
| 45 | 332 |

| 25 | 927 |
|----|-----|
| 55 | 686 |

| 25 | 927 |
|----|-----|
| e56 | 310 |
| 56 | 311 |

1. A bill of review for error of law apparent upon the record will lie, although the decree sought to be reviewed is a final decree, consequent upon a decree *pro confesso* for failure of defendant to plead.

2. Where the bill does not justify the final decree following the decree *pro confesso*, a bill of review for error apparent upon the record as a proper remedy for relief in the court rendering such decree, and an appeal the remedy through the appellate court.

3. A married woman is by the common law incapable of making a contract that will bind her personally either in law or equity, and for this reason there cannot, in the absence of legislation changing the common law, be a judgment or decree against her personally for the recovery of money as distinguished from a decree charging her separate equitable estate or other property with the payment of money. No exception to this rule is created by the existence of a marriage contract between husband and wife giving her the right to control and manage her separate estate and property the same as if she had remained unmarried.

4. A married woman is personally liable for her civil torts, including such frauds as do not grow out of or are not directly connected with or a part of a contract which she has undertaken to make.

5. Wherever coverture avoids a contract which a wife has attempted to make, it likewise bars a personal recovery against the wife on the ground of the fraud connected therewith, and the bar cannot be overcome by suing her in an action *ex delicto*.

6. It is error to decree a recovery of money of or against a married woman personally, in a suit in equity instituted to set aside a contract for the sale of land on the ground of fraud and to recover the amount of a cash payment made thereon by the complainant.

7. The marital relation does not of itself disqualify a husband from acting as the agent of his wife with reference to her separate estate.

8. The person in whom the legal title to property is vested in trust for a married woman is a necessary part to a bill seeking to charge the property with the payment of money paid to her.

Appeal from the Circuit Court from Marion County.

The facts of the case are stated in the opinion of the court.

*Miller & Spencer* for Appellants.

*S. D. McConnell, W. H. Ingram,* for Appellees.

RANEY, C. J.: This is an appeal from an order denying an injunction and dismissing a bill of review.

The bill of review considered as one for error of law apparent upon the face of the record is maintainable. The term, record, as used in connection with such bills, means the pleadings and decree in the cause as to which the complaint is made. Whiting vs. Bank of the United States, 13 Peters, 6; Shelton vs. Van Kleeck, 106 U. S., 532. Looking at the Paisley decree complained of, we perceive one of its features to be a personal recovery against Mrs. Prentiss, and the pleading or bill shows the claim to be for a money demand growing out of a contract; the sum recovered being the amount of a cash payment alleged to have been made on a contract for the sale of land in which the complainant charges he has been defrauded.

A married woman is by the common law incapable of making a contract that will bind her personally either in

law or equity, and for this reason there can be no personal judgment or decree of recovery against her. Goss vs. Furman, 21 Fla., 406; Randall vs. Bourgardez, 23 Ib., 264; Dollner, Potter & Co. vs. Snow, 16 Ib., 267; 1 Bishop on the Law of Married Women, Section 601; Pilcher vs. Smith, 2 Head, 208; McQuaid vs. Fontane, 24 Fla., 509; S. C. 5 So. Reporter, 274; Choppin vs. Harmon, 46 Miss., 304; Bank vs. Williams, Ib., 618; Cary vs. Dixon, 51 Ib., 593; Mallett vs. Parham, 52 Ib., 591; Bank vs. Partee, 99 U. S.; 325; Wallace vs. Rippon, 2 Bay, 112; Rodemeyer vs. Rodman, 5 Clarke (Iowa), 426; Lewis vs. Perkins, 36 N. J. Law, 133; Pentz vs. Simonson, 13 N. J. Eq., 232; Pierson vs. Lum, 25 Ib., 390. Several of the above authorities are to the effect that where she has been giving authority by statute to make personal contracts, the proceedings must show the existence of the special circumstances as to or under which the power has been conferred or may be exercised, and others of them adjudicate that when it is sought to charge her property with liability, the bill or other proper pleading must show the character of her estate in the property sought to be charaged, in order that the court may know that it is chargeable. The decree assailed does not adjudicate a charge upon any particular estate or property of Mrs. Prentiss, but the feature of it in question is a personal recovery. If it be that a personal judgment or decree may be rendered against a married woman licensed as a free trader under our statute of March 11th, 1879, McClellan's Digest, pp. 756, 757, it is sufficient on this point to say that Mrs. Prentiss is not sued as such.

A married woman is personally liable for her wrongful civil acts, or actual torts, including frauds not growing out of or founded upon, or directly connected with, or a part of or the means of effecting a contract which she has undertaken to make; and she may be sued jointly with her hus-

band in respect to such acts, or separately if she survives him. His liability for her torts is a result of the mere fact that by the common law rules a suit cannot be maintained against the wife alone during coverture. If before or pending the action she dies, the right of action against him falls. Whenever her coverture avoids the contract it is likewise a bar to a personal recovery for the fraud, and this cannot be overcome by suing *ex delicto*. 2 Bishop on the Law of Married Women, Sections 254, 255, 256, 261, 263; 1 Bishop, 842, 905-8; Owens vs. Snodgrass, 6 Dana, 229; Smith vs. Taylor, 11 Ga., 20; Knowing vs. Manly, 49 N. Y., 192; Liverpool A. L. Association vs. Fhirhirst, 9 Excheq., 422; Wright vs. Leonard, 11 C. B. n. s., 257; Capel vs. Powell, 17 C. B. n. s., 473. As to when a tort will be deemed the wife's, and when the husband's, *vide* 1 Bishop, 905, and to Bishop, 257-260. The fraud in the case before us, in so far as it is imputable to the wife, is not one sounding in tort, but is a part of and directly connected with the contract for the sale of the land, and hence not one as to which there is a personal money liability or can be such a personal decree or judgment as to her.

The bond for title executed by Prentiss and wife not being a basis for the money recovery against Mrs. Prentiss personally, Norton vs. Turrill, 2 Williams, 144; Dollner, Potter & Co. vs. Snow, *supra*, 1 Bishop, section 842, the order of the Chancellor was erroneous, still it is proper, in view of possible future proceedings, to notice another feature of the proceedings before remanding the cause. The Paisley bill states, in effect, that the land involved in this controversy was included in a deed of trust made by Dr. Butte, the former husband of Mrs. Prentiss, to Mrs Simmons, and providing that the land could not be conveyed by Mrs. Butte, but could be conveyed by the trustee upon the written request of Mrs. Prentiss. The bill of review represents

that on July 11th, 1885, prior to the marriage between Mrs. Butte and Prentiss, they entered into a marriage contract whereby the latter agreed to relinquish and surrender to the former his right to control and manage her separate estate and property described in the above deed of trust, which is dated August 23, 1883, and any other separate property then owned, or that she may thereafter own, and that he would suffer and permit, and it authorizes her without let, hindrance, molestation or interference on his part, to hold, occupy, "exert" and enjoy the absolute, unqualified control and management of all such property owned or to be owned by her, with all the rents, issues and profits, and all the receipts and income therefrom by sale, mortgage, lease or otherwise, as fully and absolute and as free from his debts as if she remained single and unmarried; he surrendering and relinquishing all his marital rights, and also the management and control of her property as her husband, under the laws of this State, and it being stipulated that she does not part with the right to dispose of the interest surrendered to her by Prentiss.

These allegations would not have the effect to create any exception to the doctrine announced above as to the money decree, and the only further observation necessary to be made as to them now, is : if it be that a cash payment was made to Mrs. Prentiss, or to her husband for her with her consent, or as her authorized agent, which relation he could sustain to her, Tresch vs. Wirtz, 34 N. J. Eq., 124 ; Baum vs. Mullen, 47 N. Y., 577 ; Pentz vs. Simonton, *supra,* and under the circumstances of the case, as they may be shown to exist, the land involved or her other property, if she have any, can be charged with such payment, the trustee is, as suggested by counsel for appellants, a necessary party to any proceeding seeking to charge any property included in

that trust. Lewis v. Yale, 4 Fla., 418; Dollner, Potter & Co. vs. Snow, *supra.* Whether or not her property is so chargeable is a question we do not feel called upon to discuss in the absence of both proper pleadings and necessary parties.

Though the decree assailed is one absolute upon a decree *pro confesso,* we think a bill of review for error apparent is a proper remedy. Stribling vs. Hart, 20 Fla., 226; Maynard vs. Percault, 30 Mich., 160. The purpose of a bill of review for error apparent is to have the court rendering the decree, give the same relief that the appellate court might under the same circumstances. Evans vs Clement, 14 Ill., 206. Where the bill does not justify the final decree which has been taken upon a decree *pro coufesso,* relief may be had from the appellate court on an appeal, Hart vs. Stribling, 21 Fla., 136, and the same may be secured through a bill of review from the court rendering the decree.

The decree appealed from should be set aside. If Paisley shall desire to amend his bill he should he permitted to do so, and as a consequence his decrees should be vacated and his cause proceed on the bill as it may be amended, but should he elect rather to stand upon his decree modified to the extent of the personal money recovered against Mrs. Prentiss, his decree should be modified merely as to such relief against her.

The cause will be remanded for proceedings not inconsistent with this opinion.