JOHN C. F. SLAYTON *vs.* PHILIP A. BARRY.

Middlesex.    January 12, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Liability of Infant for Tort ex contractu.*

An infant cannot be held liable in tort for deceit or conversion the proof of which requires the plaintiff to show that a contract, which by the infant's false representations relative to his age he was induced to make and perform, was part and parcel of the fraudulent transaction.

TORT, for deceit and for conversion. Trial in the Superior Court, before *Blodgett,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion, and in a note by the reporter.

*J. F. Wiggin,* for the plaintiff.

*W. F. Kimball,* for the defendant.

MORTON, J. The declaration in this case is in two counts. The first count alleges in substance that the defendant intending to defraud the plaintiff, deceitfully and fraudulently represented to him that he was of full age and thereby induced the plain-

tiff to sell and deliver to him the goods described, and though often requested had refused to pay for or return the goods but had delivered them to persons unknown to the plaintiff.  The second count is in tort for the conversion of the goods described in the first count.  The case is here on exceptions to the refusal of the presiding judge to give certain instructions requested by the plaintiff,* and to his ruling ordering a verdict for the defendant. The question is whether the plaintiff can maintain his action. He could not bring an action of contract, and so has brought an action of tort.  The precise question presented has never been passed upon by this court.  *Merriam* v. *Cunningham*, 11 Cush. 40, 43.  In other jurisdictions it has been decided differently by different courts.  We think that the weight of authority is against the right to maintain the action.  *Johnson* v. *Pie*, 1 Lev. 169; 1 Sid. 258; 1 Keb. 905.  *Grove* v. *Nevill*, 1 Keb. 778.  *Jennings* v. *Rundall*, 8 T. R. 335.  *Green* v. *Greenbank*, 2 Marsh. 485.  *Price* v. *Hewett*, 8 Ex. 146.  *Wright* v. *Leonard*, 11 C. B. (N. S.) 258.  *De Roo* v. *Foster*, 12 C. B. (N. S.) 272.  *Gilson* v. *Spear*, 38 Vt. 311.  *Nash* v. *Jewett*, 61 Vt. 501.  *Ferguson* v. *Bobo*, 54 Miss. 121.  *Brown* v. *Dunham*, 1 Root, 272.  *Geer* v. *Hovy*, 1 Root, 179.  *Wilt* v. *Welsh*, 6 Watts, 9.  *Burns* v. *Hill*, 19 Ga. 22.  *Kilgore* v. *Jordan*, 17 Tex. 341.  Benjamin, Sales (6th ed.) § 23.  Cooley, Torts, (2d ed.) 126.  Add. Torts, (Wood's ed.) § 1314.  See *contra, Fitts* v. *Hall*, 9 N. H. 441; *Eaton* v. *Hill*, 50 N. H. 235; *Hall* v. *Butterfield*, 59. N. H. 354; *Rice* v. *Boyer*, 108 Ind. 472; *Wallace* v. *Morss*, 5 Hill, (N. Y.) 391.

The general rule is, of course, that infants are liable for their

---

* The plaintiff requested the judge to instruct the jury : 1. That if the defendant, a minor, for the purpose of defrauding the plaintiff and inducing him to sell and deliver goods to the defendant falsely represented that he was of full age, and the plaintiff, relying on such representation, was thereby induced to sell and deliver goods to the defendant, who subsequently repudiated his purchase and refused to pay for the goods for the reason that he was a minor, he is liable in damages.  2. That if the defendant, a minor, purchased goods of the plaintiff, obtained possession of them, converted them to his own use, and subsequently repudiated the purchase and refused to pay for the goods for the reason that he was a minor, the plaintiff at the time of the purchase having no knowledge of the defendant's minority, the effect of the avoidance by the defendant of his contract was to make it void from the beginning, and to render him liable in damages for the conversion of the goods.

torts. *Sikes* v. *Johnson,* 16 Mass. 389. *Homer* v. *Thwing,* 3 Pick. 492. *Shaw* v. *Coffin,* 58 Maine, 254. *Vasse* v. *Smith,* 6 Cranch, 226. But the rule is not an unlimited one, but is to be applied with due regard to the other equally well settled rule that, with certain exceptions, they are not liable on their contracts ; and the dominant consideration is not that of liability for their torts but of protection from their contracts. The true rule seems to us to be as stated in *Liverpool Adelphi Loan Association* v. *Fairhurst,* 9 Exch. 422, 429, where it was sought to hold a married woman for a fraudulent misrepresentation, namely, if the fraud " is directly connected with the contract . . . and is the means of effecting it, and parcel of the same transaction," then the infant will not be liable in tort. The rule is stated in 2 Kent Com. 241, as follows : " The fraudulent act, to charge him [the infant] must be wholly tortious ; and a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort in order to charge the infant in trover, or case, by a change in the form of the action." In the present case it seems to us that the fraud on which the plaintiff relies was part and parcel of the contract and directly connected with it. The plaintiff cannot maintain his action without showing that there was a contract, which he was induced to enter into by the defendant's fraudulent representations in regard to his capacity to contract, and that pursuant to that contract there was a sale and delivery of the goods in question. Whether as an original proposition it would be better if the rule were as laid down in *Fitts* v. *Hall* and *Hall* v. *Butterfield,* in New Hampshire, and *Rice* v. *Boyer, ubi supra,* in Indiana, we need not consider. The plaintiff relies on *Homer* v. *Thwing,* 3 Pick. 492, *Badger* v. *Phinney,* 15 Mass. 359, and *Walker* v. *Davis,* 1 Gray, 506. In *Walker* v. *Davis* there was no completed contract and the title did not pass. The sale of the cow by the defendant operated therefore clearly as a conversion. *Badger* v. *Phinney* was an action of replevin, and it was held that the property had not passed, or if it had that it had revested in the plaintiff in consequence of the defendant's fraud. The plaintiff maintained his action independently of the contract. In *Homer* v. *Thwing* the tort was only incidentally connected with the contract of hiring.

We think that the exceptions should be overruled.

*So ordered.*