### MAGID v. CENTRAL UNION TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924. Rehearing Denied March 14, 1924.)

No. 4245.

1. **Mortgages ⬅495—Court held empowered to modify decree so as to correct error apparent on record on petition filed after expiration of term.**

Where decree rendered in trust company's action to foreclose mortgage gave priority to interest over principal in the distribution of the proceeds of the sale of the mortgaged property in violation of a provision of the mortgage providing for distribution of proceeds of sale without any discrimination or preference between principal and interest, though a copy of the mortgage was made a part of the pleading on which the decree was based, the court had jurisdiction to modify the decree on petition filed after the expiration of the term at which the decree was rendered, since such provision of the decree was not justified by the pleadings, and the error was apparent on the face of the record.

2. **Equity ⬅429—Court held empowered to modify decree after term for error apparent on record though no bill of review was filed.**

Where all the parties to the cause were before the court and participated in the proceedings on petition to modify decree for error apparent on face of record filed after the term at which the decree was rendered, the court had jurisdiction, though no bill of review was filed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by the Central Union Trust Company against Mrs. Righton H. Magid and others, to foreclose a mortgage. The decree of foreclosure was modified on plaintiff's petition filed after the term at which the decree was rendered, and the named defendant appeals. Affirmed.

Clifford L. Anderson, of Atlanta, Ga. (Daniel W. Rountree, Clifford L. Anderson, and Anderson, Rountree & Crenshaw, all of Atlanta, Ga., on the brief), for appellant.

R. C. Milling, of New Orleans, La., Sanders McDaniel and Robt. C. Alston, both of Atlanta, Ga., Arthur H. Van Brunt, of New York City, and W. S. Erwin, of Clarksville, Ga., for appellee.

Before WALKER and BRYAN, Circuit Judges.

WALKER, Circuit Judge. The appellant complains of the action of the court in modifying in a material respect a decree of foreclosure and sale at a term of the court subsequent to the one at which such decree was entered. The suit in which the final decree mentioned was rendered was brought by the trustee under a mortgage or deed of trust securing the principal and interest of bonds issued, the principal of the bonds having become due in a manner provided for. The bill of complaint in that suit made a copy of the mortgage an exhibit, and prayed that such exhibit be taken and considered as a part of the bill. The defendant in that suit, the maker of the mortgage and of the bonds thereby secured, filed an answer admitting the allegations of the bill. The decree of foreclosure and sale, which was rendered and filed on August 4, 1922, shows that it was based on the bill, answer, and decree pro confesso taken. Prior to the rendition of that decree the members of a bondholders' committee, of which Louis B. Magid, the husband of the appellant and president of the defendant corporation, was chairman, intervened in the cause, pursuant to leave granted by the court. The petition for intervention contained allegations to the effect that all except $17,000 of the more than $1,200,000 of bonds issued had been deposited with the petitioners. The mortgage contained the following:

"The purchase money, proceeds and avails of any such sale hereunder, whether under the power of sale hereby granted or pursuant to judicial proceedings together with any other sums, which then may be held by the trustee under any of the provisions of this indenture as part of the trust estate, or of the proceeds thereof, shall be applied as follows: First, to the payment of the costs and expenses of such sale, including reasonable compensation of the trustee, its agents, attorneys, and counsel, and of all expenses, liabilities, and advances made or incurred by the trustee in managing and maintaining the property hereby conveyed, with interest thereon, and to the payment of all taxes, assessments, or liens prior to the lien of this indenture, except any taxes, assessments, or other superior liens to which such sale shall have been made subject. Second, to the payment of the accrued interest in default (with interest on the overdue installments of interest at the same rate as on the respective bonds on which such installments of interest shall be overdue), and to the payment of the principal of all bonds hereby secured, with interest thereon; in every instance such payments of interest and principal to be made ratably to the persons respectively entitled thereto, without any discrimination or preference either as between principal and interest, or

otherwise, save only as provided in article 2 hereof. Third, the surplus, if any, shall be paid over to the company, its successors or assigns, or to whomsoever may be lawfully entitled to receive the same upon written demand."

Nothing in article 2 of the mortgage indicates a purpose to give priority to interest over principal. The final decree mentioned contained the following:

"It is further ordered, adjudged and decreed that the funds to arise from the sale shall apply as follows:

\* \* \* \* \* \* \* \* \* \*

"4. To the payment of the interest upon the indebtedness secured by the above-mentioned mortgage, and then to the principal thereof. If the funds be not sufficient to pay the interest in full, the same shall be paid pro rata without preference of interest due on any one bond over the interest due on any other bond secured by the said mortgage; and, if it be sufficient to pay the interest in full, but not to pay the principal of said indebtedness, then the said sum to be applied upon the principal of said indebtedness pro rata without preference of one bond over any other. It is ordered that each of the said bonds shall be presented to the receivers, and, if the holder thereof shall so request, same shall be stamped or indorsed in some way by the receivers so as to show the amount which has been paid on account of the interest and as well as on the principal thereof and the same shall then be returned so stamped or indorsed, to the holder thereof. In case of the payment in full of said bonds and coupons and interest thereon, the same shall be delivered, with 'payment in full' stamped thereon by the receivers, to the purchaser or purchasers at the sale, to be held by said purchaser as a muniment of title.

\* \* \* \* \* \* \* \* \* \*

"It is further ordered, adjudged and decreed that any party to this proceeding may apply to this court for further orders and directions at the foot of this decree."

Pursuant to the prayer of a petition filed on June 4, 1923, by the plaintiff, the trustee named in the mortgage, the decree of August 4, 1922, was amended by striking therefrom the first above quoted part thereof, and by decreeing that "the principal and interest of all bonds properly issued and outstanding and in good standing under the terms of the mortgage being foreclosed in this case shall share equally and ratably in the proceeds of the foreclosure in this case." The petition mentioned contained the following:

"At the time the trustee moved the court to enter the aforementioned decree, said trustee presumed that all of the coupons which were outstanding and which were claimed against the defendant corporation were attached to the bonds, a very large amount of which bonds—substantially more than one million one hundred thousand ($1,100,000.00) dollars—was represented to the trustee to have been upon deposit with the bondholders' protective committee. It was not known to the said trustee that there were any of those coupons outstanding detached from the said bonds. The trustee believed that the persons who participated in the principal would participate in the interest of the said bonds proportionately in the same manner, and to the same extent, in one as in the other. Complainant now is informed, and, on information now represents to the court, that it is claimed that there are outstanding a large amount of said coupons which have been detached from the said bonds, and are claimed by persons other than those who claim to own the principal of said bonds. The aforementioned decree as drawn departs from the mortgage in that it prefers the said interest over the principal, and, if it be true that the aforementioned coupons which are now claimed to be outstanding are, in truth and in fact, outstanding legal obligations of the said defendant, without depreciation of rank or lien, as is provided in section 2 of article 2, the said decree would result in giving a

preference to the said coupons to which they are not entitled, and which it was not intended they should have, which would be unjust to the holders of the principal of the said indebtedness, and contrary to the purposes of the aforementioned decree."

When that petition was filed the original and intervening parties to the cause were still before the court, represented by their respective counsel, and were participating in proceedings in regard to the execution of the decree of August 4, 1922. After that petition was filed and after appellant was notified of the filing and pendency thereof the mortgaged property was sold at a sale made in pursuance of the foreclosure decree as it was amended at a term of the court subsequent to the one at which the original decree was rendered. At that sale appellant was the successful bidder for the mortgaged property, the amount of her bid being $210,000. Thereafter appellant, by leave of the court, intervened in the cause, resisted the granting of the relief prayed for in the petition filed June 4, 1923, and claimed the right to pay most of the amount of her bid by delivering past-due coupons claimed to have been detached from certain of the secured bonds which were owned by her when the coupons mentioned were detached.

[1, 2] The above set out provision of the mortgage was intended to secure to the bondholders the right to share ratably in the balance of the proceeds of a foreclosure sale of the mortgaged property left after paying the costs and expenses of such sale. The first above set out provision of the foreclosure decree is inconsistent with the provision of the mortgage as to distribution of the proceeds of a sale of the mortgaged property that "in every instance such payments of interest and principal to be made ratably to the persons respectively entitled thereto, without any discrimination or preference either as between principal and interest, or otherwise." In giving priority to interest over principal in the distribution of the proceeds of the sale of the mortgaged property the court did what was not justified by the pleadings in the case. An effect of so doing was to confer on holders of detached past-due coupons a benefit not consistent with the mortgage, a copy of which was made a part of the pleading upon which the decree was based. It was error to embody in the decree a provision which was inconsistent with the pleadings in the case. The enforcement of the stricken part of the decree would have had the effect of defeating substantial rights conferred by the contract, though the asserted right to have that contract enforced was not contested. We are of opinion that the stricken part of the foreclosure decree constituted error on the face of the record. Such an error may be corrected under a bill of review filed after the expiration of the term at which the decree was rendered. Whiting v. United States Bank, 13 Pet. 6, 10 L. Ed. 33; Willamette Iron Bridge Co. v. Hatch, 125 U. S. 1, 8 Sup. Ct. 811, 31 L. Ed. 629; Prentiss v. Paisley, 25 Fla. 927, 7 South. 56, 7 L. R. A. 640; Smyth v. Fitzsimmons, 97 Ala. 451, 12 South. 48; Simkins Federal Equity Suit (2d Ed.) 630. The action complained of being such as might properly have been taken by the court under a bill of review, the appellant, who intervened after the filing of the petition of June 4, 1923, cannot complain of that action because it was taken in pursuance of the prayer of that petition, no bill of review

having been filed. It well may be considered that the filing of a bill of review was unnecessary by reason of the circumstance that, when the petition of June 4, 1923, was filed, all who had become parties to the cause were before the court and participating in proceedings in the cause, and that the amendment of the decree which was sought could properly be made under the petition, of which all parties had due notice. The expiration of the term at which that decree was rendered did not deprive the court of the power to correct an error apparent on the face of the record.

Appellant's husband, as chairman of the bondholders' committee, took part in the preparation of the decree of August 4, 1922. Circumstances disclosed were relied on as warranting the inference that representations made by him and concealments were effective in bringing about the incorporation in that decree of the provision which was stricken therefrom. It was contended that his conduct amounted to fraud which vitiated the part of the decree which was stricken. As the action of the court in striking that part of the decree is sustainable on the ground that the insertion in the decree of that part of it was not justified by the pleadings in the case, it is not necessary to determine whether the ruling complained of is or is not also sustainable on the ground that the provision in question got into the decree by fraud.

The decree is affirmed.