Briggs, J.
This is an action of tort, wherein the plaintiff alleges that her scalp was burned by reason of the negligence of the defendant in giving her a permanent wave. The answer is a general denial, an allegation of contributory negligence and a plea of minority.
*274 The defendant, a minor, is the owner and operator of a beauty parlor. On or about July 27,1935 the plaintiff went, to her place of business, and obtained a shampoo and a permanent wave for which she paid $3.50. The Court found the following facts:
“I find that the plaintiff was burned while being given a permanent wave by the defendant. I find that the burn was caused on account of the fact that proper precautions were not taken to protect the plaintiff’s scalp.and that such failure caused the plaintiff’s injury.
I find that no negligence of the plaintiff contributed to cause her injury. Therefore I find for the plaintiff * * *
The defendant seasonably presented, among others, the following request for ruling, which was denied by the Court:
1. The defendant being a minor under the age of twenty-one at the time of the alleged negligent operation, and the alleged negligence having arisen from or in connection with the performance of a contract with the plaintiff, the defendant is not liable, either in tort or in contract.
It is well settled that the plaintiff could not maintain an action of contract. The sole question is whether the plaintiff can maintain this action. The general rule is, of course, that infants are liable for their torts. Sikes vs. Johnson, 16 Mass. 389.
The rule is, however, to be applied with due regard to the well settled' rule that, with certain exceptions infants are not liable on their contracts. If the tort is directly connected with the contract and parcel of the same transaction the infant will not be liable in tort. Slayton vs. Barry, 175 Mass. 513.
In this case the plaintiff cannot maintain her action without showing that there was a contract. The case present *275 ed by the plaintiff is one of simple negligence in performing that work which she engaged to do either by express or implied contract.
The defendant owed the plaintiff the duty of performing her work in such a careful and cautious manner as under the circumstances a person of ordinary and reasonable prudence would exercise. There is no proof indicating any willfulness or gross negligence on the part of the defendant in causing the burns to the plaintiff.
The negligence upon which the plaintiff relies in this does not render the defendant liable. The ground of liability is the negligent performance of the contract, whereby injury has resulted. The ruling requested should have been given, and the finding made for the defendant. Slayton vs. Barry, Supra; Lowery vs. Cate, 108 Tenn. 54 (64 S. W. 1068).
So Ordered.