[S. F. No. 2083.   Department Two.—September 13, 1902.]

BESSIE HENLEY, by her Guardian ad Litem, Respondent, v. J. A. WILSON and DELPHINE WILSON, his Wife, Appellants.

HUSBAND AND WIFE—ASSAULT AND BATTERY BY WIFE—LIABILITY OF HUSBAND—COMMON LAW.—The common-law rule that the husband is liable for the torts of the wife prevails in this state, not having been changed by statute; and the husband is liable in damages for an assault and battery committed by the wife, though not committed in his presence, and though committed without his knowledge or consent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Anson Hilton, for Appellants.

Reel B. Terry, and L. D. Windrem, for Respondent.

TEMPLE, J.—It was admitted on the trial that the husband was not present at the time of the assault, and had no knowledge of the occurrence until some time afterwards. An instruction was asked by appellant to the effect "that the husband is not responsible for the wrongful acts of the wife committed out of his presence and without his knowledge or consent." This was refused, and a verdict for plaintiff was returned and judgment went against both defendants, from

CXXXVII. Cal.—18

which the husband appeals. Whether this proposed instruction should have been given is the only question involved.

While there is a conflict in the authorities, appellant concedes at the outset that a majority of the cases still hold to the common-law rule, which makes the husband liable absolutely for all torts committed by the wife. This statement is too broad. Pomeroy on Remedies and Remedial Rights (secs. 320 and 321) states that as to all torts committed by the wife, not done by means of, or in the use of, or in the assertion of some right in reference to, her separate property, the common-law rules remain unchanged. Since she is permitted to manage her separate estate as though she was a *feme sole,* it follows that in such management she must be responsible as a *feme sole.*

The common-law rule must prevail, unless it has been changed by statute. No express change has been made, but it is contended that, since the wife now retains as her own such property as she has at the time of the marriage, and such as she afterwards may acquire by gift, descent, or devise, and may manage her own separate estate, she should now be held solely responsible for her torts, on the principle that the reason for the common-law rule has ceased to exist and therefore the rule should cease.

But what all the reasons for the rule were originally is not now so easy to determine, and accordingly it was said by Mr. Justice Field, in *Van Maren* v. *Johnson,* 15 Cal. 312: "It matters not what was the origin of the common-law doctrine, its rule is settled and exists independently of the grounds on which it originally rested." These rules are quite ancient, and cannot be said to have been rested solely upon the fact that the husband may take all the wife's personal property and her earnings and may control her person, or that she can have no estate from which a judgment against her could be satisfied, added to the supposed merger of her legal personality in his. It was said by the supreme court of Texas, in *Zeliff* v. *Jennings,* 61 Tex. 458, that the doctrine "rests perhaps mainly upon the supposition that her acts are the result of the superior will and influence of the husband. Owing to the intimate relation of husband and wife, and to the nature of the control given him by law and social usage over her conduct and actions, it would be difficult, if not impossible,

for the courts to determine when she had acted at her own instance, and when she was guided by his dictation." And it may be added in a case where the wife has no separate estate, if the husband cannot be held, the aggrieved person will have no redress and upon the wife there will be no restraint of pecuniary responsibility. If so disposed, she could with impunity blast the lives of her neighbors by most grievous slanders. Nor is it true, in the absolute sense, that she has no interest in the estate of her husband. She is entitled to a support out of it, and to be maintained in a degree of comfort proportionate to his wealth. To make this fortune liable for her torts may directly affect her. It may diminish her comfort and style of living.

As to the community property, if the coverture is ended in any mode during her life without her fault, one half of it will be hers. Most wives consider themselves equally interested in accumulations, and properly so. At common law even, they had morally an interest in the fortune made or inherited by the husband. In some circumstances they could secure a separate maintenance from it on a scale proportionate to its amount. We hear much of the power over the wife given to the husband by the common law, which is now thought to have been oppressive. But it had its other side. It was calculated to make a more complete and indissoluble union in which the wife had rights that could be lost only by her violation of her marriage vow, and, I think, to make the common earnings liable for the torts of each tended in the same direction. Each became the other's "keeper." These earnings are held by the husband, but are liable for the support of the wife.

Since the reasons of the common-law rule cannot now be fully known, we are at liberty to suppose that it was founded upon these and many other considerations, as well as upon those usually stated.

But many of the reasons upon which it is commonly supposed the common-law rule depended still subsist, and the express limitations upon the liability of the husband or of the community property for the debts of the wife imply that in other respects the common law still prevails. For instance, the husband is the head of the family, and may choose the family residence. (Civ. Code, sec. 156.) He is entitled to the

custody and control, and to the earnings, of minor children as against the wife (Civ. Code, sec. 197), unless during separation. (Civ. Code, sec. 198.) The provisions of the code giving the wife the power to make contracts, *with reference to property*, negative the idea that she has in other respects the power or the responsibility of a *feme sole*. So section 170 of the Civil Code, as first adopted, expressly provided that the community property shall not be liable for the debts of the wife contracted before marriage, leaving it still liable for her debts contracted after marriage. (See *In re Burdick*, 112 Cal. 398, opinion of Mr. Justice Harrison; also, *Van Maren* v. *Johnson*, 15 Cal. 308; *Vlautin* v. *Bumpus*, 35 Cal. 214.)

*Van Maren* v. *Johnson* was a suit against husband and wife for services rendered the wife before marriage. Judgment was against both, but in terms it provided that it could be satisfied from her separate property or from the community property. The husband appealed, and the only question was as to the liability of the community property. Upon this question Judge Field said: "The statute in terms provides that the *separate* property of the *wife* shall be liable for her debts contracted previous to the marriage, and at the same time that the *separate* property of the *husband* shall *not* be thus liable. It is silent as to the liability of the common property as to such debts and also as to the liability of that property for the previous debts of the husband."

The learned judge then proceeds to show that the common law is the basis of our jurisprudence, and that the statute has modified that law on this matter only in two respects: "It renders the separate property of the wife liable and exempts the separate property of the husband. Beyond this exemption of his separate property his liability exists,—that is to say, he is liable to the extent of the common property." That is, the common law prevails, except as it has been modified by statute.

Furthermore, by the express provision of the statute, the wife cannot be sued without her husband for a tort which does not concern her separate estate. She can sue or be sued alone only when,—1. The action concerns her separate property or her claim to the homestead; 2. When the action is between herself and husband; 3. When she is living in sepa-

ration by his desertion, or under an agreement in writing. (Code Civ. Proc., sec. 370.)

And it has been held that in an action for damages which accrue for the injury of the wife the husband must be joined, and the recovery will be community property. (*McFadden* v. *Santa Ana etc. R. R. Co.*, 87 Cal. 464; *Neale* v. *Depot R. R. Co.*, 94 Cal. 425. See, also, *Sheldon* v. *Steamship Uncle Sam*, 18 Cal. 527.[1])

I think there would be no profit in discussing the cases cited by appellant from other states. In some the statutes expressly provide against the liability of the husband for the torts of the wife. In others, all the earnings of the wife during coverture, and all recoveries for personal injuries, are her separate property. In some cases cited the tort accrued in the management of her separate estate. But whatever the rule may be in other jurisdictions, the principles which are determinative of the case have been settled here, and are in accordance with the rule prevailing in a majority of the states.

Some of the cases cited by the respondent are interesting, because they discuss the reason upon which the common-law rule was believed to be based. (See *Kowing* v. *Manly*, 49 N. Y. 201;[2] *Alexander* v. *Morgan*, 31 Ohio St. 548; *Heckle* v. *Lurvey*, 101 Mass. 344.[3])

The judgment is affirmed.

Henshaw, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of affirmance. I also concur in the opinion of Mr. Justice Temple, with the exception of a few expressions therein which are not necessary to a determination of the case. I see no escape from the proposition that a husband's common-law liability for the torts of his wife has not been changed by the statutory law of California. If there be any injustice in the doctrine the remedy is with the legislature.

[1] 79 Am. Dec. 193.　　　　　　[3] 3 Am. Rep. 366.

[2] 10 Am. Rep. 346.