### DILLON et al. v. LINEKER et al. *

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3465.

1. **Damages** ⊙⟶23—**Special damages may be recoverable for breach of contract to pay money.**

While, in general, damages for breach of a contract to pay a specific sum of money are measured by the sum stipulated to be paid, the rule is otherwise where the obligation to pay is special and has reference to objects other than the mere discharge of a debt, in which case special damages may be recovered according to the actual injury.

2. **Courts** ⊙⟶328(9)—**Damages for breach of contract held to exceed jurisdictional amount.**

A federal District Court *held* to have jurisdiction of an action for damages for breach of a contract by which, in consideration of a loan by plaintiff to defendant of $2,850, which plaintiff borrowed on mortgage, defendant agreed to pay the mortgage debt, which at maturity exceeded $3,000.

3. **Contracts** ⊙⟶71(3)—**Forbearance of suit good consideration.**

Actual forbearance of suit, without a promise to forbear, is sufficient consideration for a promise, if at the request of the promisor and in reliance on his promise.

4. **Husband and wife** ⊙⟶268(1)—**Community property liable for wife's debts contracted prior to marriage.**

Under the law of California the separate property of a wife and the common property of both husband and wife are equally liable for the debts of the wife contracted previous to her marriage.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action at law by Norvena Lineker and Frederick V. Lineker against Mary J. Dillon (formerly Mary J. Tynan) and Thomas B. Dillon. Judgment for plaintiffs, and defendants bring error. Affirmed.

The defendants in error were the plaintiffs in an action in the court below, in which they alleged that on or about June 20, 1910, Norvena Lineker, then

Norvena Svensen, at the request of the plaintiff in error Mary J. Dillon, borrowed $2,850 from one McColgan, to secure which she executed a trust deed of certain described real property, which she owned, subject to a life estate in her father, and that she turned over the said sum of money to William Winter, the son of Mary J. Dillon, for the use and benefit of said Mary J. Dillon; that on or about April 22d McColgan demanded the payment of the said sum of $2,850 and interest thereon, and notified Norvena Lineker that if she did not pay the same he would cause her interest in said real estate to be sold; that she then went to Mary J. Dillon and demanded of her that she pay and satisfy said note and interest, in default of which she, the said Norvena Lineker, threatened to bring action against her and William Winter to recover the amount thereof; that they importuned her not to bring said action, and promised that, if she would refrain from instituting the same, she (the said Mary J. Dillon) would cause said debt and interest to be paid and discharged, and would indemnify and save her harmless from any loss or damage in connection with said note and trust deed; that, relying upon said promise, Norvena Lineker refrained from bringing any action against said Mary J. Dillon or her son; that Norvena Lineker had no money or property other than said real estate. The complaint then alleged that Mary J. Dillon failed to perform her said promise, and that all the interest of Norvena Lineker in said property was sold under the trust deed to pay said sum of $2,850, together with interest, expenses, and attorney's fees, whereby she lost said property and was damaged in the sum of $35,000, which was alleged to have been the value of said real estate. The answer denied the material allegations of the complaint and alleged that the value of the property was not more than $24,000. The jury returned a verdict for the plaintiffs in the action in the sum of $32,000, which was subsequently reduced by the order of the court to $28,000, for which judgment was entered.

Samuel M. Shortridge, of San Francisco, Cal., for plaintiffs in error.
John L. Taugher, of San Francisco, Cal., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The case comes to this court upon the judgment roll and without a bill of exceptions. The plaintiffs in error contend that upon the allegations of the complaint the amount in controversy was but $2,850 and interest, and that therefore the court below was without jurisdiction. It is true that in general, where a contract to pay a specific sum of money is broken, the damages are measured by the sum stipulated to be paid; but the rule is otherwise "where the obligation to pay money is special, and has reference to objects other than the mere discharge of a debt, in which case special damages may be recovered, according to the actual injury." 17 C. J. 863; Green v. Gregory (Tex. Civ. App.) 142 S. W. 999; Scheele v. Lafayette Bank, 120 Mo. App. 611, 97 S. W 621; Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 South. 39.

[2] In the present case the complaint shows that Norvena Lineker was without money or resources other than her incumbered real estate, which was subject also to an outstanding life estate, and that perforce she depended wholly upon Mary J. Dillon to protect her property. The case is not unlike those which are above cited. But, even if the amount of damages here is to be measured by the "amount stipulated to be paid," it is clear that the amount which Mary J. Dillon stipulated to pay was in excess of $3,000. This is not an action to recover the amount of the loan of Norvena Lineker to Mrs. Dillon's son. It is an

266 F.—44

action to recover damages for the breach of Mrs. Dillon's promise to hold Norvena Lineker harmless against the threatened sale of her property under the trust deed for the nonpayment of the principal and interest of her debt to McColgan. The amount recoverable as damages was at the very least the sum which, at the time when the promise was made, would have been necessary to pay to redeem the property from the trust deed. That amount, principal and interest, was at that date more than $3,000.

[3] We find no merit in the contention that the complaint fails to state a cause of action. The fact that Mrs. Dillon received the use and benefit of the money which her son borrowed from Norvena Lineker constituted a good and sufficient consideration for her promise to hold the latter harmless from the trust deed and to pay McColgan's claim, a promise which Norvena Lineker accepted, relied upon, and acted upon. She forbore to sue Mrs. Dillon, and in that forbearance Mrs. Dillon received additional consideration for her promise to pay. Johnson & Higgins v. Harper Transp. Co. (D. C.) 228 Fed. 730. It was not necessary that Norvena Lineker should have made a promise to forbear. Actual forbearance, without a promise to forbear, is sufficient, if such forbearance is at the request of the promisor and in reliance upon his promise." 13 C. J. 348; In re All Star Feature Corp. (D. C.) 232 Fed. 1004.

[4] Error is assigned to the judgment, in that it directs that the same be satisfied, not only out of the separate property of Mary J. Dillon, but also out of the community property of her and her husband; the contention being that the community property is not subject to the payment of such a judgment, where the marriage occurred after the date of the wife's contract. But in Van Maren v. Johnson, 15 Cal. 308, 313, the court said:

"The separate property of the wife and the common property of both husband and wife are equally liable for the debts of the wife contracted previous to her marriage."

See, also, Henley v. Wilson, 137 Cal. 273, 70 Pac. 21, 58 L. R. A. 941, 92 Am. St. Rep. 160.

The judgment is affirmed.