CLAUDE NOLAN, *Plaintiff in Error,* v. A. J. MOORE, *Defendant in Error.*

Opinion Filed April 25, 1921.

On Petition for Rehearing.

1. At common law conformable with the maxim *actio personalis moritur cum persona* there was no right of action for damages resulting from death caused by the wrongful act or negligence of another.

2. Section 3147, General Statutes of Florida, 1906, as amended by Chapter 6487, Acts of 1913, changes the common law rule in this State and gives a right of action for death caused by the wrongful act, negligence, carelessness or default of another.

3. Statutes giving a right of action where none existed at common law should not be extended beyond the meaning of the terms used, but such statutes are remedial in their nature, and should when sufficient for the purpose be so construed as to afford the remedy clearly designed.

4. The intent of a valid statute is the law, and this intent may be ascertained by a consideration of the purpose of the enactment.

5. The common law is in force in this State except when modified by competent governmental authority.

6. Statutes and Constitutions in this country should be read in the light of the common law, from which our system of jurisprudence comes.

7. When the Legislature by statutory enactment in express terms imposes civil liability upon an individual for the death of a minor child "caused by the wrongful act, negligence, carelessness or default" of such individual under the doctrine expressed in the maxim *respondeat superior*, an individual may also be civilly liable for the death of a minor child caused by the wrongful act or negligence of his servant or employee while acting within the scope of his employment.

8. Where the Legislature by valid enactment imposes civil liability upon an individual for his own wrongs the law imposes liability upon such individual for the wrongs of his servants acting within the scope of their employment in the same class of cases.

9. Repeals by implication are not favored, and a statute will not be construed as taking away a common law right existing at the time of its enactment unless imperatively required.

10. Section 3147, General Statutes of Florida, 1906, as amended by Chapter 6487, Acts of 1913, gives a right of action against an individual whose "wrongful act, negligence, carelessness or default" causes "the death of any minor child." *Held*, construing the statute in the light of the common law that the statute gives also a right of action against an individual whose servant while acting within the scope of his employment by his wrongful act or negligence causes the death of a minor child.

11. The purpose of the statute is to authorize suits for the recovery of damages for the *death* of minors caused by the wrongful acts and negligence of others. The "loss of serv-"ices" sustained by a parent in the *death* of a minor child is the services that such parent would be entitled to *between the death and the majority of such minor.*

12. In an action for damages where liability is shown, but the amount recovered appears to be excessive, this court may adjudge an affirmance upon plaintiff's entering an appropriate remittitur.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed if remittitur is entered; otherwise, reversed.

*Marks, Marks & Holt*, for Plaintiff in Error;

*Wm. K. Jackson*, for Defendant in Error.

WEST, J.—The parties will be given the same designation in this opinion that they bore in the trial court.

Upon rehearing the plaintiff contends that the statute under which this action was brought is sufficiently comprehensive in its scope to include an action for damages for the death of plaintiff's minor son caused by the negligence of defendant's servant in the operation of an automobile upon a public highway.

The principal contentions of defendant are that at common law there was no right of action for damages for the death of a person caused by the wrongful act of another; that the statute upon which plaintiff's action is predicated gives no right of action upon the facts as alleged and proved in this case, that therefore none existed and this action can not be maintained.

The statute is set out in the original opinion.

The first contention of defendant, namely, that the common law afforded no right of action to any one for damages resulting from the death of a person caused by the wrongful act, negligence or default of another is settled law here and elsewhere. Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Seaboard Air Line Ry. v. Moseley, 60 Fla. 186, 53 South. Rep. 718; Flanders v. Georgia Southern & F. R. Co., 68 Fla. 479, 67 South. Rep. 68; 17 C. J. 1181.

The question for our determination then is, are the facts of this case sufficient to bring it within the terms of the statute? Defendant says that the statute being in derogation of the common law must be strictly construed, and that being so construed it can not be held to cover a case where the damages alleged to have been sustained result from death caused by the negligence of the servant of an individual. The statute as originally enacted as

construed by this court did not cover such a case. Davis v. Florida Power Co.,￼ 64 Fla. 246, 60 South. Rep. 759.

In the Florida Power Co. case it was held that the statute gave the remedy only against corporations and private associations of persons, *and not against persons in their individual capacity.* The opinion in that case was filed during the June Term, 1912, and at the following session of the Legislature the statute which we have quoted was enacted. This statute expressly gives a right of action against "any *individual*." whose "wrongful act, negligence, carelessness or default" causes the death of any minor child. But it is said that in giving this right of action against individuals it did not by express terms extend it to instances where the death was caused by the "wrongful act, negligence, carelessness or default" of the *servant* of an individual, whereas it did by express terms give a right of action against "any private association or persons" in cases where the death is caused "by the wrongful act, negligence, carelessness or default of any officer, agent or employe of any private association of persons, acting in his capacity as such officer, agent or employe" and did by express terms give a right of action against "any corporation" in cases where the death is caused "by the wrongful act, negligence, carelessness or default of any officer or agent, or employe of any corporation in his capacity as such officer, agent or employe."

We have said that at common law there was no right of action to recover damages for death caused by the wrongful act of another. This rule was changed in England in 1846 by the Statute commonly known as Lord Campbell's act. It has been changed generally in this country by statute. The statute under consideration was designed to effect a change of this rule in this jurisdiction and it

is upon the ground that the statute is in derogation of the common law that it is urged that it must be strictly construed. In some States it has been held that such a statute should be strictly construed, but not so strictly as to defeat the obvious intention of the lawmaking body considering the language employed according to its obvious meaning. In other states similar statutes are held to be remedial and entitled to a liberal construction in favor of the beneficiaries. 17 C. H. 1193. This court is in accord with the latter view. The rule here is that while the statute is in derogation of the common law, it is remedial in character and should not be so construed as to defeat the intention of the lawmaking power in its enactment. Hadley v. City of Tallahassee, 67 Fla. 436, 65 South. Rep. 545; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755.

The intent of a valid statute is the law, and this intent may be ascertained by a consideration of the purpose of the enactment. It is perfectly clear that the statute imposes liability upon an "individual" for death caused by his wrongful act, negligence or default. This statute, like all other statutes and constitutions in this country must be read in the light of the principles of the common law from which our system of jurisprudence comes. 1 Kent's Com. 336; United States v. Sanges, 144 U. S. 310, 12 Sup. Ct. Rep. 609; Ex Parte Wilson, 114 U. S. 417, 5 Sup. Ct. Rep. 935; Edwards, Admr., v. Gaulding, 38 Miss. 118; Alabama V. Ry. Co. v. Williams (Ala.) 28 South. Rep. 853; Lewis' Sutherland Stat. Const. (2nd ed.) §453.

Whatever may be the theory for the rule imposing liability upon the master for the wrongs of his servant done within the scope of his employment, the liability is so

firmly embedded in the law as to have been crystalized into the familiar maxims *Respondeat Superior* and *Qui facit per alium, facit per se.* 1 Lewis' Blackstone, 390; 6 Labatt on Master & Servant, 2245. The common law in in force in this State. (Sec. 71 Rev. Gen. Stats. 1920) and the Legislature in enacting this statute must be credited with familiarity with this principle and the statute must be construed with reference to it. To do otherwise is to ignore the rule requiring statutes to be construed with reference to the principles of the common law.

In Hadley v. City of Tallahassee, *supra,* the court said that in enacting this statute the legislature had before them the earlier statute removing a common law disability and giving to illegitimate children inheritable blood from their mother and held, construing the statute in the light of existing law, that an illegitimate was a "child" for whose death, caused by the negligence of another, the mother was given a right of action. To say now that in enacting the statute under consideration the legislature had before them applicable established principles of the common law and drafted and enacted the statute in the light of such principles is to say no more than was said in this case because established principles of the common law, not changed by statutes, are as we have seen as much a part of our system of jurisprudence as express statutory enactments.

When the legislature in express terms imposed civil liability upon an *individual* for the death of a minor child caused by the negligence of such individual it was wholly unnecessary to add that an individual would be liable also in a case where the death was caused by the negligence of the servant of such individual. Such liability followed as a natural sequence. It is part of the law of

master and servant. Declaring it to be so by statute would not have added potency to the law or extended its scope. It springs out of that relationship and attaches in consequence of the legal principles expressed in the maxims quoted. Accordingly, when the legislature placed liability in such cases upon an "individual" for his own wrongs the law imposed liability upon him also for the wrongs of his servants or others acting for him within the scope of their employment or authority. His liability being fixed by statute, the only way to escape liability for his servant's wrongs acting withing the scope of their employment would be for the statute to expressly exempt him from liability for such wrongs.

To escape this conclusion it is said that in expressly placing liability upon "any private association of persons" and upon "corporations" for the wrongs of their officers, agents and employees and saying nothing about the liability of an "individual" for the wrongs of his servants indicates an intention not to impose such liability or to exempt individuals from the liability imposed by law in such cases. This contention seems to be based upon the principle *expressio unius est exclusio alterius*. There is cogency in this view, but it is not of sufficient weight to operate as a repeal of the law of *respondeat superior* or to abrogate the principle of *Qui facit per alium, facit per se* in so far as it would be applicable to cases arising under this statute. Repeals by implication are not favored, and a statute will not be construed as taking away a common law right existing at the time of its enactment unless imperatively required. Texas & Pac. R. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. Rep. 350; Edwards, Admr., v. Gaulding, 38 Miss. 118; Ryals, v. Mechanics' Mills, 150 Mass. 190, 22 N. E. Rep. 766.

We hold, therefore, construing the statute in the light of the common law, that when a right of action was given by the statute against an individual for the death of a minor caused by his own "wrongful act, negligence, carelessness or default" under the doctrine of *respondeat superior* such individual was also made liable for the death of a minor caused by the "wrongful act, negligence, carelessness or default" of his servant, that in view of this recognized common law principle to expressly declare by statute the liability of the individual for the wrong of his servant was wholly unnecessary and not to do so should not be regarded as an intention to abrogate the doctrine in this class of cases.

There are a large number of assignments of error. Most of them are predicated upon the proposition that the facts of the case do not bring it within the provisions of the statute. Others go to various rulings of the trial court during the progress of the trial and relate only to questions of procedure which do not require discussion. One other question only requires consideration. The declaration claims damages upon two grounds, namely, loss of services of the deceased minor child by the plaintiff, his father, and mental pain and suffering of plaintiff A. J. Moore and Minnie Moore, parents of the deceased minor child, because of his death caused by defendant.

At common law if injuries to a minor child resulted in his *death* there could be no recovery for loss of services. Seaboard Air Line Ry. v. Moseley, *supra*. But this rule is changed in many jurisdictions by statute. 17 C. J. 1329. The statute under which this action is brought (Sec. 3147 Gen. Stats. 1906) expressly authorizes recovery "for the loss of services of such minor." The purpose of the statute is to authorize suits for the recovery of damages

for the *death* of minors caused by the wrongful acts and negligence of others. The "loss of services" sustained by a parent in the death of a minor child is the services that such parent would be entitled to *between the death and the majority of such minor*. Reading the statute in the light of established principles of law it can have no other meaning. Seaboard Air Line Ry. v. Moseley, *supra*. The right of a parent to the services of a child does not ordinarily extend beyond the attainment of majority by the child and unless the period contemplated by the statute for which recovery for "loss of services" is allowed is the time intervening between the *death* and the date upon which the minor would attain his majority, its meaning is nebulous and the time indefinite.

It has been suggested that the period for which damages for "loss of services" may be recovered under this statute is the time intervening between the act or negligence causing the injury and the death of the minor which follows. But the right of action accrues upon the *death*, not upon the injury, of the minor child. The damages allowed for "loss of services" is such as result from the *death* of such minor child. The *death* frequently follows immediately after the injury producing it. In most cases the time intervening is in the nature of things of short duration. In such cases the damages would be nominal, or at most inconsequential in amount. The remedy afforded would be in form not in substance. It would mean that at the end of tedious and expensive litigation a right might be vindicated but with no promise in any case of substantial results. A construction leading to such results should not be sanctioned.

The child for whose death plaintiff seeks recovery in this case was slightly over twelve years of age. Evidence

20—Vol. 81

of his earning capacity is meager. There is proof that he earned from $2.75 to $3.00 per week as a newspaper carrier. Upon this branch of the case, namely, loss of services, we think an allowance exceeding $1,000.00 excessive. On the other branch of the case there was a claim for $5,000.00, which may be allowed under the evidence. It is therefore adjudged that if the plaintiff will enter a remittitur of $1,500.00 the judgment will stand affirmed for the remainder, $6,000.00; otherwise, the judgment will stand reversed thirty days after the mandate is filed in the trial court.

It is so ordered.

BROWNE, C. J., AND ELLIS, J., concur.

TAYLOR AND WHITFIELD, J. J., dissent.

WHITFIELD, J., dissenting.

The compass of a liability that is imposed by statute should be determined by a fair consideration of the language used, the subject-matter and the purpose designed. The just implications of a statute are a part of the law-making intent; but the implications must arise from the express terms used and must be consistent with the fair meaning and purpose of the entire context. Implications that the language as used exclude or do not ordinarily include, should not be indulged, particularly where the terms as used are particular and specific.

Courts have no legislative power. Their province is to ascertain and to enforce the valid intent of duly enacted statutes. When the terms of a statute as used therein

are particular and specific and are restricted or limited in their scope and meaning, the courts have no power to extend the meaning and scope of the language used beyond its fair import considered as an entirety with reference to the purpose disclosed by the statute. To extend the scope of the specific language of a statute beyond its ordinary import, by raising implications that are excluded by, or are not fairly included in the context, or by constructively interpolating language not used, when such implications, construction or interpolations are not required to give effect to the manifest intent of the statute, would be judicial legislation in violation of the organic law.

The statute in this case imposes a liability unknown to the common law and the language used is particular and specific. It mentions the different classes upon whom liability is imposed and specifically imposes liability for the delicts of agents and employees of some of the classes, and significantly omits to specifically impose liability for the delicts of agents and employees of another class against whom liability for personal delicts is expressly imposed. If liability for acts and defaults of agents and employees had not been specifically imposed as to some classes and omitted as to another class, there might be ground for an implied liability against all of the classes for the acts and defaults of their respective agents and employees predicated upon the common law principle of *respondeat superior;* but in expressly including liability for the acts and defaults of agents and employees, as to two of the classes and omitting it as to the other, the ordinary understanding and meaning of the language as used will not justify an implication to cover those omitted, when there is nothing in the context to warrant such an implication. The fact that the body of the ori-

ginal act and of the amended act is perhaps more restrictive than was necessary in view of the original titles, indicates a purpose to confine the liability imposed to the ordinary import of the language used, the context not requiring enlarging implications to effectuate the manifest intent.

The statute is penal in its nature and should not by construction, interpretation or interpolation, be extended beyond the limits definitely fixed by its particular and explicit terms. 17 C. J. 1230; 8 R. C. L. 772.

The common law is by statute made a part of the law of this State, and changes therein require legislative action duly indicating a purpose to alter the existing laws to the extent shown by the language as used.

The aserted liability is forbidden by the principles of the common law and it is not imposed by any express provision of the statute. An implied statutory liability can arise only when it has undoubted support in express provisions that clearly show the lawmaking intent to include and not to exclude the implied liability. The courts have no power to extend by implication a liability beyond the legislative intent as shown by the language of the statute.

In this case the statute is designed to impose a liability that is forbidden by the common law. The language used is specific and definite, and it is so formulated as to exclude *implications* of liability that are forbidden by the common law. The manifest purpose of the statute is to change the common law only to the extent that is definitely stated in the specific terms used. To impose a liability that is forbidden by common law and that is excluded by the formulated language of the statute,

would be judicial legislation and in effect would deprive a defendant of property without due process of law in violation of the Federal and State Constitutions.

TAYLOR, J., concurs herein.