L. H. MEEKS, *Plaintiff in Error* v. W. M. JOHNSTON AND WILLA MAY JOHNSTON, *Defendants in Error*.

Opinion Filed February 26, 1923.

1. The common law is in force in this State except when modified by competent governmental authority.

2. Statutes and Constitutions should be read in the light of the common law, from which our system of jurisprudence comes.

3. The statutes authorize suits for the recovery of damages for the *death* of minors caused by the wrongful acts and negligence of others.

4. The "loss of services" sustained by a parent in the wrongful death of a minor child is the value of such services that such parent would be entitled to *between the death and the majority of such minor*.

5. At common law a married woman was as a general rule liable civilly for her pure torts, not committed under the coercion of her husband and not growing out of or founded on, or directly connected with or a part of, or the means of effecting, a contract which she had undertaken to make; and she could be sued jointly with her husband in respect to such acts or separably if she survived him.

6. It was the general rule of the common law that a husband was civilly liable for his wife's wrongful acts committed during coverture.

7. A married woman in this state is personally liable for her wrongful civil acts, or actual torts, including faults not growing out of or founded upon, or directly connected with, or a part of or the means of effecting, a contract which she has undertaken to make; and she may be sued jointly with her husband in respect to such acts, or separately if she survives him.

8. Contributory negligence of a parent is not attributed to an infant child.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Macfarlane & Macfarlane* and *Henry H. Cole,* for Plaintiff in Error;

*D. C. McMullen,* for Defendants in Error.

WHITFIELD, J.—In an action brought by L. H. Meeks against Wm. M. Johnston and Willa May Johnston, his wife, to recover damages for the death of the plaintiff's minor child as it alighted from a street car, resulting from an alleged negligent operation of the automobile by the defendant Willa May Johnston, her husband Wm. M. Johnston not being personally present at the time of the fatal injury, the court struck from the declaration allegations that the parents had "suffered great mental pain and anguish," and after the testimony for both sides was adduced the court directed "a verdict for the defendant on the law, not on the testimony in the case." A writ of error was taken to a judgment for the defendant on the directed verdict.

The statute under which the action is brought is as follows:

"Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe of any private association of persons, acting in his capacity as such officer, agent or employe, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer or agent, or employe of any corporation acting in his capacity as such officer, agent or employe, the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering

of the parent (or both parents) if they survive, as the jury may assess.

"All actions provided for by Section 4962 shall be barred, unless brought within two years from the time the cause of action accrued." Chap. 6487, Acts of 1913; Secs. 4962-3 Rev. Gen. Stats., 1920.

The common law is in force in this State except when modified by competent governmental authority.

Statutes and Constitutions in this country should be read in the light of the common law, from which our system of jurisprudence comes.

Section 3147, General Statutes of Florida, 1906, as amended by Chapter 6487, Acts of 1913, gives a right of action against an individual whose "wrongful act, negligence, carelessness or default" causes "the death of any minor child."

The purpose of the statute is to authorize suits for the recovery of damages for the *death* of minors caused by the wrongful acts and negligence of others. The "loss of services" sustained by a parent in the *death* of a minor child is the services that such parent would be entitled to *between the death and the majority of such minor*. Nolan v. Moore, 81 Fla. 600, 88 South. Rep. 601.

At common law a married woman was as a general rule liable civilly for her pure torts, not committed under the coercion of her husband and not growing out of or founded on, or directly connected with or a part of, or the means of effecting a contract which she had undertaken to make; and she could be sued jointly with her husband in respect to such acts or separably if she survived him. 13 R. C. L. Sec. 255, p. 1220.

It was the general rule of common law that a husband was civilly liable for his wife's wrongful acts committed during coverture. This liability of the husband was settled from an early date, and while various reasons therefor have been given its original foundation is not clear, but it seems that it cannot be said to have been rested on the fact that her husband could take all of the wife's personal property and her earnings and could control her person, or that she had no estate from which a judgment against her could be satisfied, added to the supposed merger of her legal personality in his. Some of the cases state that it is because the husband, at common law, had the power of correcting his wife, and that he was therefore responsible for her conduct; others that, as he had the control of her property, he should be answerable for her wrongs; still others that, as she could not be sued alone, the injured party would be without redress unless the husband were held liable with her; and this latter appears to be the theory most frequently advanced. 13 R. C. L. Sec. 264, p. 1229; Minor v. Mapes, 102 Ark. 351, 144 S. W. Rep. 219, 39 L. R. A. (N. S.) 214.

"A married woman is personally liable for her wrongful acts, or actual torts, including faults not growing out of or founded upon, or directly connected with, or a part of or the means of effecting a contract which she has undertaken to make; and she may be sued jointly with her husband in respect to such acts, or separately if she survives him. His liability for her torts is a result of the mere fact that by common law rules a suit cannot be maintained against the wife alone during coverture. If before or pending the action she dies, the right of action against him fails. Whenever her coverture avoids the contract it is likewise a bar to a personal recovery for the fraud, and this cannot be overcome by suing *ex delicta*. 2 Bishop

on the Law of Married Women, Sections 254, 255, 256, 261, 263; 1 Bishop 842, 905-8; Owens vs. Snodgrass, 6 Dana, 229; Smith vs. Taylor, 11 Ga. 20; Knowing vs. Manly, 49 N. Y. 192; Liverpool A. L. Association vs. Fhirhirst, 9 Excheq., 422; Wright vs. Leonard, 11 C. B. n. s. 257; Capel vs. Powell, 17 C. B. n. s. 473.'' Prentiss v. Paisley, 25 Fla. 927, 7 South. Rep. 56; Graham v. Tucker, 56 Fla. 307, 47 South. Rep. 563.

The declaration does not predicate the liability of the defendant husband upon the doctrine of *respondeat superior* as applied in Nolan v. Moore, 81 Fla. 600, 88 South. Rep. 601, and Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629. The husband's liability in this case is based upon the liability at common law of the husband for the wife's actual torts committed by her during coverture.

The statute imposes the stated liability for the wrongful death of a minor child upon ''any individual'' and a married woman is an individual. The liability is ''not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess,'' the propriety of the verdict being of course subject to review in due course of law.

If this statute is ''read in the light of the common law,'' which is in force in this State, as held in Nolan v. Moore, *supra,* the liability of the defendant husband under the declaration is predicated upon applicable principles of the common law. Prentiss v. Paisley, *supra;* Minor v. Mapes, *supra.*

The decision in Bourland v. Baker, 141 Ark. 280, 216 S. W. Rep. 707, 20 A. L. R. 525, is predicated upon statutes which are held to modify the common law in respect to

the liability of a husband for the torts of his wife. No such statutes have been enacted in this State. The decision on the particular facts in Graham v. Tucker, *supra*, is not in conflict with the principles herein stated.

Contributory negligence of a parent is not attributed to an infant child. See Tampa Eelectric Co. v. Bazemore, decided at this term; 50 Fla. 429; 20 R. C. L. 155.

If for any reason a parent may recover for the loss of services of a minor child caused by the wrongful death of the child, a right to recover for mental pain and suffering is not necessarily thereby affected.

Reversed for a new trial.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.