Action by Mildred S. Rogers against Catherine Newby and husband to recover for alleged negligence of the named defendant. Trial resulted in verdict against defendants. While matter was pending on motion for new trial, the circuit judge certified to Supreme Court the question of whether F.S.A. § 708.08 relieves a husband of liability for the "pure" torts of his wife.
Question answered in the negative.
A trial of issues involving the negligence of a married woman culminated in a verdict against her and her husband, although the evidence affirmatively established that he "in no way contributed to the act charged against him." While the matter was pending on motion for new trial, the circuit judge certified to this court the question whether Chapter 21932, Laws of Florida, Acts of 1943, Section 708.08, Florida Statutes 1941, and F.S.A., relieves a husband of liability for the "pure" torts of his wife.
Theretofore the husband was liable for such torts, and if this rule does not still obtain it must be because the emancipatory language of the act abrogated the common-law rule. The word "tort" does not appear in the law, and although many privileges were granted to the wife, several of its provisions preserved to her the protection she had enjoyed, such as support and maintenance, dower, joinder by her husband in conveyances and incumbrances of her separate estate.
It is argued that the husband's accountability for the wife's torts does not follow because of express abrogation of the rule but because the reason for it vanished when the wife's independence was established. On its face the position seems logical, but upon careful examination we are not impressed by its soundness. We are inclined to agree with a statement in Henley v. Wilson, 137 Cal. 273, 70 P. 21, 58 L.R.A. 941, 92 Am.St.Rep. 160, that it is not easy to determine all the reasons which, accumulated, gave birth to the rule and kept it alive so long.
In our own decision in Prentiss v. Paisley, 25 Fla. 927, 7 So. 56, 7 L.R.A. 640, we observed that the foundation for the concept was unclear but the reason most often advanced was that the husband was *Page 452 
held liable because the wife could not be sued alone, hence an injured party would otherwise have no redress. This same language appeared in a later case. Meeks v. Johnston, 85 Fla. 248, 95 So. 670.
We considered the statute in comparatively recent decisions, in Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876, where we held it constitutional, and in State v. Herndon, 158 Fla. 115, 27 So.2d 833, 834. The first of these involved the responsibility of the wife for a real estate commission, and the latter decided the question whether a husband might be charged with the larceny of the separate property of his wife. Although in the latter case Mr. Justice Terrell, writing for the court, said, "In 1943 the Legislature abrogated every trace of the common-law fiction, the unity of husband and wife," he was at pains to add "insofar as it relates to her separate personal property."
Relying upon these statements, the appellees now contend that there is no longer responsibility on the part of the husband because of the provision of the act that "every married woman is * * * empowered * * * to sue and be sued * * *." This, it is urged, renders the common-law principle obsolete. But when that is read in connection with the entire content of the section, it is obvious that the whole subject dealt with is her separate property. Even though the legislature granted her much freedom in respect of this, there were included the restrictions to which we have already alluded concerning her husband's joining in conveying and encumbering her real estate, the inhibitions against any judgment against the married woman becoming a lien against her rights of dower and against any construction that would relieve him of the duty of supporting his wife and children; and the preservation of estates by entireties, dower, the right of either to participate in the distribution of the estate of the other.
We cannot find in the act such absolute emancipation as would justify our holding the status of the wife so utterly and completely independent of the husband that, because of the freedom granted her, the husband would likewise escape all responsibility in the future for her torts; nor are we convinced that simply because it was enacted that she could sue or be sued, no reference to her torts appearing, the husband thereafter was immune to any claim resulting from them.
We think it cannot be said that because of this act a husband and his wife now tread their separate and independent paths in all respects. It is still perfectly natural for them to reside in a common home and raise a family, the success of the whole enterprise being the result of the efforts of both, he in the mart and she in the home. By such an arrangement it is the usual case that the material things which are garnered during their life together often stand in his name. We are all too frequently confronted with this situation in separations and divorces, where we are asked to distribute common wealth, giving her, as we should, credit for her contribution, although little or none of it is represented in cash or property but only in her endeavors as housewife and mother. Her potential interest in their joint material wealth, carried in his name, would not be subject to a judgment against her for damages flowing from torts she committed.
We apprehend, too, that despite the act, the man remains the head of the family.
There is good reason for holding that, although a married woman may contract independently under the act, she should not alone be responsible for pure torts committed by her. If one contracts with a married woman he does so voluntarily, can easily be informed of what he is about, can advise himself at the outset whether any damage which might eventually arise from a breach of the contract could be collected from her separate property. But the injury to one deriving from a tortious act is quite another matter. This is obviously involuntary on the part of the injured person.
We have the view that the common-law rule that the husband is liable for the "pure" torts of his wife still prevails and that the question certified to us by the learned circuit judge should be answered in the negative.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur. *Page 453