PER CURIAM.
H.K., a juvenile, was charged by a delinquency petition with disorderly conduct. The state presented Officer Fernandez-Perez who testified that she arrived at H.K’s house in response to a call from the juvenile’s father. Fernandez-Perez went to H.K’s bedroom to speak with the boy. H.K. would not speak or make eye contact with her. H.K. then played music on his stereo which was near a window. Sometime between 10:45 and 11:00 p.m., H.K. began going out to his fi*ont yard, flailing his arms and yelling obscenities, returning to his house to play music, and then, returning to the front yard while continuing to yell. Fernandez-Perez testified that she saw a neighboring porch light go on, and she saw two people exit one of the nearby houses, but she could not see anything else. She ultimately lost sight of these people, and no action was taken against the officer.
After this testimony, H.K. moved for judgment of acquittal arguing that the state’s evidence was insufficient to establish the charge of disorderly conduct, arguing the words used, albeit offensive, were constitutionally protected free speech. Furthermore, H.K. argued that it was impossible to know why the two people exited their home. The trial court rejected this argument and found H.K. guilty of disorderly conduct. We reverse.
Section 877.03 Florida Statutes (1997) provides:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
*174 As observed in Gonzales v. City of Belle Glade, 287 So.2d 669, 670 (Fla.1973):
In order for the [disorderly conduct] statute to be constitutionally applied, it must be proved that some act on the part of the accused either corrupted the public morals, outraged the sense of public decency, affected the peace and quiet of persons who witnessed the conduct of the accused, or thát the accused engaged in brawling or fighting, or engaged in conduct constituting a breach of the peace or disorderly conduct. As to what constitutes a ‘breach of the peace’ or ‘disorderly conduct,’ any factual situation can be viewed in light of the common law meaning of those terms. 'This Court has consistently held that statutes should be read in the light of the common law. Nolan v. Moore, 81 Fla. 594, 88 So. 601 (1921); Meeks v. Johnston, 85 Fla. 248, 95 So. 670 (1923), and Ellis v. Brown, 11 So.2d 845 (Fla.1955) ... .[there was no] evidence that the actions of any of the appellants were more than annoying to those around them, and a violation of Fla. Stat. s 877.03, F.S.A., requires more than the creation of a mere annoyance.
See K.S. v. State, 697 So.2d 1275 (Fla. 3d DCA 1997) (holding juvenile’s loud and obscene confrontation with police which resulted in arrest for disorderly conduct was insufficient to form basis for adjudication of delinquency; juvenile’s comments which led to his arrest did not by their very utterance inflict injury or tend to incite immediate breach of the peace, as they were not directed at crowd which had gathered but were instead coarse expression of frustration at what juvenile perceived was unjust accusation). See also L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995) (holding juvenile’s loud and obscene protest of friend’s arrest as “police brutality,” and “Rodney King style,” was protected First Amendment conduct, precluding his arrest for disorderly conduct).
In the instant case, considering the officer’s own account of what transpired, we must conclude that neither the juvenile’s actions nor his loud and obscene comments, by their very utterance, inflict injury or tend to incite an immediate breach of the peace. Accordingly, finding the actions at issue insufficient to form the basis for an adjudication of delinquency, we reverse the order under review.