EDWARD E. SMILEY ET UX. *v.* MEYER, WEIS & CO.

MARRIED WOMAN.  *Judgment against her agent.   Chancery jurisdiction.*
   A judgment against L. & S., agents, is not binding on their wives, even though the note upon which it is founded was given by L. & S. as agents for their wives, doing business as *femes sole;* and chancery has no jurisdiction under our statute, nor by the prior law, to enforce such judgment against the property of the wives.

APPEAL from the Chancery Court of Jefferson County.
Hon. THOS. Y. BERRY, Chancellor.

Simon Lehman and E. E. Smiley were doing business in the name of Lehman & Smiley, agents, and in that character gave their promissory note to Meyer, Weis & Co. The note not being paid at maturity, the payees brought an action thereon in the Circuit Court, and recovered judgment against Lehman & Smiley, agents, and as individuals. Upon this judgment an execution was issued, and returned *nulla bona.* Thereupon the appellees filed their bill to subject the property of Sarah E. Smiley, wife of E. E. Smiley, to the payment of their judgment. The bill alleged that the wives of Lehman and Smiley were engaged as *femes sole* in the business conducted in the name of Lehman & Smiley, agents, and were

the principals whom their husbands represented in giving the note upon which the judgment was obtained. The bill was demurred to and the demurrer sustained.

*Nugent & McWillie*, for the appellants.

1. The contract was evidently made with the husbands as principals, the debt being reduced to judgment against them as such, and the word "agents" treated as an unmeaning addition to their firm-name. The bill does not make the case of a dealing with one as principal who is subsequently discovered to have been only an agent, but states two distinct sets of facts, one of which altogether excludes the idea of agency.

2. Admitting that a debt existed for which Mrs. Smiley's separate estate was liable, there is still no ground for this proceeding — the creditor having a full, adequate, and complete remedy at law. If the wives were in truth trading as *femes sole*, through their husbands as agents, proof that they contracted this debt while so doing would, if made in a court of law, be sufficient to fix the liability of whatever separate estate they might have. In respect to their contracts of this character they are under no disability, being *femes sole* in the eye of the law.

*J. J. Whitney*, for the appellees.

The bill shows that the wives of Lehman and Smiley were the principals whom the latter represented, and were, in fact, doing business as *femes sole*, under the firm-name of Lehman & Smiley, agents. The debt to the appellees was due and owing from Mrs. Lehman and Mrs. Smiley. So, it seems there was no lack of equity in the bill, if it be equitable for persons to pay their debts.

CAMPBELL, J., delivered the opinion of the court.

The judgment described in the bill is not against Mrs. Smiley, and her property cannot be reached by it; and unless the court of chancery has jurisdiction of the demand against her, as a contract made by her in the course of trade and business as a *feme sole*, under section 1780 of the Code, the

bill is not maintainable, the remedy of the creditor being in a court of law. The statute does not confer jurisdiction on courts of chancery in such cases, and, before the statute, that court did not have such jurisdiction, because the power of married women to so contract as to incur personal liability, as if unmarried, was not known to such court. The chancery court not having such jurisdiction before the statute, and the statute not conferring it, it does not exist.

Decree reversed, demurrer sustained, and bill dismissed without prejudice to the rights of complainants.

