SALLIE T. OGDEN AND HUSBAND *v.* GUICE & HOLDEN.

1. CHANCERY. *Jurisdiction. Suits against married women.*
   Where it is sought to impose a liability upon the separate property of a married woman for family or plantation supplies, or any other thing for which it may be charged under our statutes, the jurisdiction of chancery is concurrent with that of the law courts, and in many cases preferable. *Smiley* v. *Meyer, Weis & Co.*, 55 Miss. 555, explained.

2. SAME. *Oral examination of interested witness. Deposition suppressed.*
   Sect. 1076 of the Code of 1871 provides that "interested witnesses, whose depositions have been taken, shall be examined orally in court, whenever a party to the case shall make and file an affidavit that he has good reason to believe, and does believe, that such oral examination is essential to the ends of justice and a full and fair development of the case." Where an affidavit has been made under this section by a party to the case, and his adversary declines to examine the witness orally in court, the affiant party may also refuse to examine him, and, by a motion for that purpose, may have the previously taken deposition of the witness suppressed.

3. MARRIED WOMEN. *Not chargeable for insurance premiums.*
   One who becomes the creditor of a married woman for money paid as premiums on a policy of insurance upon her husband's life, for the benefit of herself and her children, cannot, under our statutes, enforce payment therefor out of her separate property.

APPEAL from the Chancery Court of Adams County.

Hon. RALPH NORTH, Chancellor.

The appellees, who were merchants, filed their bill to subject the separate property of Sallie T. Ogden to the payment of debts alleged to be for supplies for her family and her plantation. The defendants, Mrs. Ogden and her husband, demurred to the bill, but the demurrer was overruled. The ground of demurrer is indicated in the opinion of the court. The defendants then answered. After the deposition of Guice, one of the complainants, had been taken, the defendants filed an affidavit, under sect. 1076 of the Code of 1871, for the purpose of having Guice examined orally in open court. The section referred to provides that "interested witnesses, whose depositions have been taken shall be examined orally in court, whenever a party to the case shall make and file in the cause an affidavit that he has good reason to believe, and does verily believe,

that such oral examination in open court is essential to the ends of justice and a full and fair development of the case." At the hearing, Guice was presented before the court, but the complainants declined to examine him orally, and the defendants refused to cross-examine him, because he had not been examined in chief. The defendants then moved to suppress his deposition, but the motion was overruled, and they excepted. A final decree was rendered in favor of the complainants, and in the account charged against Mrs. Ogden's separate estate there were some items for premiums paid on an insurance policy upon her husband's life, for the benefit of herself and her children. The defendants appealed.

*T. L. Mellen*, for the appellants.

The bill of complaint is without equity on its face. It is in the nature of a declaration in *assumpsit* on a promissory note and open account. The remedy was adequate at law, and chancery has no jurisdiction. *Smiley* v. *Meyer, Weis & Co.*, 55 Miss. 555.

*M. Green*, on the same side.

1. The court erred in not suppressing the deposition of Guice. The purpose of sect. 1076 of the Code of 1871 is to allow an oral examination instead of, and to take the place of, the deposition previously taken.

2. The money paid for insurance could not be charged as family or plantation supplies.

*Nugent & McWillie*, on the same side.

*Martin & Lanneau*, for the appellees.

1. Courts of chancery have concurrent jurisdiction with the courts of law to administer the remedy in cases of the character of this. *Choppin* v. *Harmon*, 46 Miss. 308. The case of *Smiley* v. *Meyer, Weis & Co.*, 55 Miss. 555, has no application here.

2. Sect. 1076 of the Code of 1871 gives either party the right to examine an interested witness in court, but it does not provide that in case one or both parties decline to examine the witness, his deposition previously taken may be suppressed.

CHALMERS, J., delivered the opinion of the court.

The demurrer is based upon the idea that we declared in *Smiley* v. *Meyer, Weis & Co.*, 55 Miss. 555, that a married woman could not be sued in equity, but must be proceeded against at law.

This is an entire misconception of the decision, which only went to the length of holding that when a married woman was sued as a *feme sole* trader under the statute, and a general judgment *in personam* was sought against her, the action must be at law, since in such case no excuse existed, for going into chancery.

But where a liability is sought to be imposed upon her separate property for family or plantation supplies, or for any of the other objects for which under the statute it may be charged, the jurisdiction of a court of chancery is concurrent with that of the law courts, and in many cases the equity forum is greatly to be preferred.

The demurrer to the bill was properly overruled. *Harmon* v. *Choppin*, 46 Miss. 304.

The deposition of the interested witness, Guice, should have been suppressed. Affidavit having been made by the defendant, under sect. 1076 of the Code of 1871, that justice required his oral examination in open court, and complainants having produced the witness in open court and then declined to examine him, it was incompetent for them thereafter to use the deposition previously taken. But, leaving Guice's testimony out of view, there was abundant testimony to support the decree, except as to the items paid upon the insurance policy on the husband's life.

There is no provision of the statute which makes such items obligatory on the separate property of the wife, and the fact that she was the beneficiary in the policy does not affect the result.

The decree is reversed and remanded, with directions to strike these items out. In all other respects it is affirmed.