## MILNER PRODUCTS CO. *v.* SALITAN, et al.

Nov. 24, 1952

No. 38544        9 Adv. S. 48        61 So. 2d 303

*Watkins, Edwards & Ludlam,* for appellant.

460

*Henley, Jones & Woodliff,* for appellees.

ROBERDS, P. J.

The only question for decision herein is whether or not Section 1711, Miss. Code 1942, is applicable to non-resident litigant witnesses and witnesses who are interested in such litigation. That section reads: "When the deposition of a party or other interested witness has been taken in a cause, and a party to such cause shall make and file an affidavit, ten days before the time of trial, if such deposition shall be then on file, that, in his opinion, the oral examination in open court of such person is necessary to the attainment of justice, the deposition shall not be admitted in evidence for the party taking it if such person be alive at the time of trial and not unable to attend court on account of disability from permanent sickness, physical injury, or from weakness and disability incident to old age; but such person may be examined in open court. Where such deposition shall be filed in the clerk's office within ten days of the time of hearing the case, the affidavit required may be made at any time before the trial. Any party or witness thus required to attend shall be entitled to compensation as any other witness."

The question arises in this manner: Salitan and Little, doing business under the style of Credit Industrial Company, brought this action against appellant, to recover a sum of money evidenced by six acceptances issued by appellant, then doing business under the name of Magnolia Chemical Company, to Ohmlac Paint and Refining Company, and which instruments, according to plain-

tiffs, had been purchased by, and assigned and endorsed to them, in due course. Salitan and Little and John H. Blume, an official of Ohmlac Paint and Refining Company, were all resident citizens of New York City, New York, which was also the domicile of both business concerns.

The depositions of Salitan, Little and Blume were taken and filed in this action. Appellant made the affidavit for which provision is made in the foregoing section, and then moved that the said three depositions be stricken. The trial judge denied the motion, admitted the depositions in evidence and, defendant declining, or failing, to put on any testimony to sustain his contentions, the trial court granted plaintiffs' peremptory instruction and verdict and judgment were rendered for them in the sum of $3,664.13, from which action this appeal is taken.

It is admitted by able counsel for appellant that the depositions entitled plaintiffs to a verdict and judgment, but he says that after the affidavit was made the depositions were incompetent. Deponents did not appear at the trial.

Does Section 1711 apply to nonresident litigant witnesses and other nonresident witnesses interested in the litigation? No case in point has been cited by either side and our investigation has disclosed none. It may be significant that the question here presented has not been raised in this Court, so far as the records disclose, since the first enactment of the foregoing statute in 1871.

We think the question is solvable by the wording of the statute and the practical effect of the contention.

As to the wording, it will be noted the statute provides that "Any party or witness thus required to attend shall be entitled to compensation as any other witness." Now, a witness is not entitled to compensation unless he be subpoenaed. He cannot be subpoenaed if he be without the state. If he is subpoenaed he is entitled to one dol-

lar and fifty cents for each day he attends chancery or circuit court, and, in addition, five cents for each mile going to and returning from the courthouse to his home "by the nearest route," and also such tolls and ferriages as he may actually be obliged to pay, which can be charged only once for each term of court, "and a charge shall not be made for mileage except that traveled in this state." Section 3953, Code 1942. The phrase in Section 1711 "Any party or witness thus required to attend shall be entitled to compensation as any other witness" would seem to refer to compensation of subpoenaed witnesses, and these, as stated, can only be subpoenaed within this state.

As to the practical effect of the contention, it would, if sustained, prohibit nonresident litigants, to a great extent, from seeking relief in the courts of this state, depending upon the value or importance of the subject of the litigation and the distance of the residence of the nonresident litigant from the place of trial. In many cases the expense of attending trial would be greater than the amount involved in the litigation. For instance, in this case the three deponents resided in New York City. The expenses of the three in traveling from New York to Hinds County, Mississippi, and return, and while attending court, would have amounted to a considerable sum—much more, very likely, than any profit to the plaintiffs in this transaction. Many more extreme cases have, no doubt, occurred in the past and will occur in the future, both as to the distance the litigant must travel and the smallness of the amount involved. In an effort to interpret the statute, we should try to understand the conditions existing when it was enacted in 1871. And we know from history that methods of travel were then slow, burdensome and arduous. We know, too, from common knowledge, that cases seemingly ready for trial are often suddenly and unexpectedly continued to a subsequent term. This might happen a number of times. That would result in a litigant residing in California, for in-

stance, making numerous trips to Mississippi to prosecute his suit, with all the incidental expense of such trips and the stay here for his trial. In other words, the contention would often have the practical effect of preventing nonresidents from resorting to the courts of this state to enforce their just demands. We cannot attribute such a purpose to the Legislature in enacting the statute.

Again, it will be noted the statute not only includes litigants but also "interested" witnesses. Just who would be an "interested" witness under this statute? Apparently he is not a litigant. The statute expressly includes that class. Such witness would apparently not be a party to the litigation. We can conceive of many circumstances under which one might be termed an "interested" witness, as, for instance, a relative, or even a partisan, of a litigant. Take the case at bar, for instance: Blume was a deponent. He was an officer of the original payee, the assignor of the acceptances. His Company was not a party to the litigation but there may have been a contingent liability on the part of his Company to the plaintiffs herein. Defendant denied the plaintiffs were holders for value in due course and, by one plea, asserted the goods had been returned to and accepted by the Ohmlac Company. Was Blume an "interested" witness? The pertinency of this is that a witness might be "interested" in the cause of the plaintiff but not sufficiently interested to go to the trouble and give his time to attending courts in Mississippi. The litigant would have no method of forcing him to attend. If the deposition of such a witness is not admissible, then the litigant would be powerless to obtain his testimony. What we have said constitute illustrations—not an effort to define who is an "interested" witness under this section.

Appellant cites Ogden v. Guice, 56 Miss. 330, but here Guice, whose deposition was not admitted, was a resident of the county in which the case was being tried and

was personally present at the trial. The case is not authority for the contention.

Appellant urges the right to have the benefit of the personal appearance of the witness before the court and jury. That is a valuable right, but, while it may be an advantage to an opposing litigant, it may also be a great disadvantage to him, depending upon the impression made by the witness upon the court and jury. But it is not a right guaranteed by law and there are many circumstances under which such appearance is not practical, as is demonstrated by the several statutes providing for the taking of depositions of witnesses under varying circumstances.

It will be noted that the right to confront the witness and the right of cross-examination are adequately preserved under our jurisprudence. Interrogatories may be propounded to nonresident parties to the suit, which, if not properly answered within a reasonable time, may result in decree pro confesso or judgment by default against such nonresident. Section 1712, Miss. Code 1942. Either party may subpoena his adversary, if found within this state, place him upon the stand as an adverse witness and cross-examine and contradict him, even though his deposition has been taken, (Section 1708, said Code) and where depositions are taken either of residents or nonresidents, the adverse party may be present and subject such witnesses to personal cross-examination. Sections 1703 and 1706, said Code.

It is pertinent to observe also that affiants would run no risk in making the affidavits. The statute does not require that any fact be stated therein. It only provides that affiant give it as his opinion that oral examination of the witness is necessary to the attainment of justice. The practice would grow up that in all cases, certainly in the great percentage of them, the affidavits would be made, which fact, to a large extent, would prevent nonresident litigants undertaking to enforce their rights in the courts of this State.

The trial court was correct in admitting the depositions as evidence and in granting the peremptory instruction.

Affirmed.

*Hall, Lee, Holmes,* and *Arrington, JJ.,* concur.