SALITAN, et al. *v.* STEWART, et al.

Jan. 25, 1954

No. 39004 50 Adv. S. 59 69 So. 2d 840

736

*Rupert Ringold,* Winona; *R. H. & J. H. Thompson,* Jackson, for appellants.

*Robertson Horton, H. T. Holmes,* Winona, for appellees.

Roberds, P. J.

Appellants sued appellees to recover the principal and interest of three negotiable trade acceptances each for the principal sum of $105.00. These acceptances had been executed by appellees to East Coast Discount Corporation. Appellees, as defendants, by plea, admitted the execution of the acceptances but denied that plaintiffs were the owners thereof or had any interest therein.

Samuel S. Salitan, a member of plaintiff partnership, and Miss Elizabeth Gould, Secretary of the East Coast Discount Corporation, a New York corporation, both testified by deposition that the acceptances were orally assigned to plaintiffs for suit only; that no consideration was paid and plaintiffs owned no interest in the acceptances. Both depositions were stricken at the trial. Plaintiffs introduced no other testimony. The trial judge granted defendants a peremptory instruction, and judgment was entered accordingly. Counsel for appellants on this appeal, frankly admit the action of the trial judge, under the circumstances confronting him, was correct. Therefore, the judgment, as to these three acceptances will be affirmed, without intimating whether the true owner of these instruments can hereafter recover thereon.

Appellants, as plaintiffs, in this same action, sued appellees to recover the principal and interest on three other trade acceptances, each for $77.50, bearing interest from maturity. These instruments were payable to Sterling Materials Company, Inc. The declaration asserted "the said plaintiffs became the bona fide holders in due course of said notes, without notice, . . ." In a bill of particulars filed by plaintiffs they again asserted, in substance, that plaintiffs purchased said acceptances for value and without notice of any defense thereto, and the instruments were assigned to them. Appellees, as defendants, by answer, admitted they executed the acceptances to the named payee therein, but denied plaintiffs had purchased the acceptances, and denied they were bona fide owners thereof, and denied the instruments had been assigned to the plaintiffs. Purported copies of the instruments were exhibited to the declaration but such copies show no endorsement or assignment to plaintiffs by the payee. In other words, the purported copies do not show the plaintiffs to be the owners thereof or to have any interest therein.

Plaintiffs, at the trial, offered in evidence a deposition of Mr. Samuel S. Salitan, one of the plaintiffs to the action. He was a resident of the City of New York. His testimony showed plaintiffs to be the owners of the acceptances. Defendants had made and filed in the case affidavit of M. D. Stewart, one of the defendant partners, that in the opinion of defendants oral examination of Mr. Salitan was necessary to the attainment of justice. Mr. Salitan was not personally present at the trial. Defendants objected to introduction of the deposition of Mr. Salitan, urging it was not admissible, in these circumstances, under Section 1711, Miss. Code 1942. The learned trial judge, with the lights then before him, reluctantly sustained the objection, indicating he was very doubtful that Section 1711 applied to non-resident party to the suit. Ten days thereafter this Court held that Sec-

tion did not apply to such a party. Milner Products Co. v. Salitan, 215 Miss. 459, 61 So. 2d 303. The exclusion of said deposition was, therefore, error. Plaintiffs introduced no other proof. Defendants offered no evidence. Defendants moved the court for a peremptory as to the three acceptances under consideration, which motion was sustained and judgment entered accordingly. Plaintiffs say that exclusion of said deposition was reversible error, which, of course, it was.

 However, appellants urge that notwithstanding the exclusion of said deposition, they are entitled to a judgment, since the declaration asserted, and the answer of defendants admitted, that they, the defendants, executed the said three acceptances. Defendants did so admit but they denied the instruments had been endorsed, assigned, or transferred to the plaintiffs, and denied plaintiffs owned them or had any interest in them. There is nothing in this record, which was admitted in evidence, showing such assignment to plaintiffs or their ownership of the acceptances. In that situation it was necessary for plaintiffs to prove their ownership. This they were unable to do when the deposition was not admitted. When the deposition was excluded and appellees' motion for a peremptory was sustained, such evidence as they might have been privileged to offer, of course, was not adduced. Consequently no judgment can be entered here upon a partial trial of the case. It must be reversed and remanded for a new trial. The costs of this appeal will be assessed equally between the parties.

Affirmed in part and reversed and remanded in part.

All Justices concur except *Gillespie, J.,* who took no part.